■ TILDA LEWIS, Respondent, v. DAVID LEWIS, Appellant.— Order, entered September 29, 1964, granting plaintiff wife's motion for temporary alimony and counsel fee in an action for separation and directing defendant husband to pay $340 per week temporary alimony plus the $512.50 monthly rental and arrears in addition to payments for his daughter's tuition and clothing unanimously modified, on the law, on the facts, and in the exercise of discretion, by reducing the weekly payments from $340 to $250, and by excluding from the direction to pay any and all arrears for rent for the apartment and garage space, any and all arrears existing prior to the date of the service of plaintiff's motion, and as so modified is affirmed, without costs to either party. Although the husband may have given the wife a weekly allowance of $340 prior to their separation while the family lived in their own house, the defendant husband and their son no longer live with the wife, and the daughter is largely provided for independently. Consequently, $250 per week plus rent is adequate to maintain the wife's standard of living pending final disposition of this action. The wife's claims as to the husband's disposable income are admittedly based on her limited knowledge of his business affairs, and this claimed disposable income admittedly exceeds by far his net taxable income. Temporary alimony should not be based on such speculative claims. The wife is presumed to have been suitably provided for prior to her bringing

of the present application and may not recover as temporary alimony on summary application any obligations she may previously have incurred (*Brody* v. *Brody*, 3 A D 2d 992; cf. Domestic Relations Law, § 236). Consequently, the award of any and all arrears in rent, including that for garage space, must be eliminated insofar as it directs the husband to pay any arrears existing prior to the wife's application for temporary alimony. Settle order on notice. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.