■ ANGELA LoMUSCIO-HAMPARIAN, Respondent, v MICHAEL HAMPARIAN, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated July 23, 1987, as directed him to (1) pay the plaintiff wife pendente lite maintenance and child support in the amount of $200 per week, (2) pay the "carrying charges, utilities and maintenance, and all expenses to the marital home" in the sum of $314.18 per week, and (3) maintain pendente lite health insurance on behalf of the plaintiff and the children of the marriage.

Ordered that the order is modified, by deleting the first, third, fourth, seventh and eighth decretal paragraphs thereof and substituting therefor provisions (1) directing that the defendant pay the plaintiff pendente lite the sum of $100 per week for child support, and (2) directing the parties to seek an expeditious trial; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the parties are directed to complete pretrial discovery within 30

days after service upon them of copy of this decision and order, with notice of entry.

Although the Supreme Court, Queens County, was not obligated to consider the specific factors enumerated in Domestic Relations Law § 236 (B) (6) (a) and (7) (a) in determining the instant application for pendente lite relief, it was nevertheless obligated to "set forth the factors it considered and the reasons underlying its determination" (Stern v Stern, 106 AD2d 631, 632; Belfiglio v Belfiglio, 99 AD2d 462; Domestic Relations Law § 236 [B] [6] [b]; [7] [b]). An examination of the record indicates that the Supreme Court failed to comply with this obligation. Nevertheless, remittitur of this matter is not necessary. This court's authority in this area is as broad as that of the Supreme Court, and it may substitute a discretionary determination for that of the Supreme Court, so long as it sets forth "the factors it considered and the reasons for its decision" (Domestic Relations Law § 236 [B] [6] [b]; [7] [b]; Majauskas v Majauskas, 61 NY2d 481; Kobylack v Kobylack, 62 NY2d 399).

The record indicates that (1) the defendant was employed by the plaintiff's wealthy father at a salary of approximately $30,000, and (2) the plaintiff received a similar salary, also as an employee of her father. The defendant was discharged from his employment by the plaintiff's father in November 1986 when the defendant vacated the marital premises. The defendant then began receiving unemployment benefits in the amount of $180 per week which continued until May 1987. The record further indicates that the defendant is presently employed as a gas station attendant and earns a gross salary of $240 a week with a net income of $201 per week.

It is well settled that in determining the amount of a pendente lite award "the court must arrive at an accommodation between the 'reasonable needs' of the spouse making the application and the financial ability of the other spouse to provide for those needs" (Stern v Stern, supra, at 632, quoting from Domestic Relations Law § 236 [B] [6] [a]). Under these circumstances, the pendente lite award granted by the Supreme Court was excessive and has been modified to the extent indicated. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.