■ Alice Quilty, Respondent, v Edward J. Quilty, Appellant.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered November 28, 1989 in Rockland County, which, *inter alia,* granted plaintiff's motion for temporary maintenance and child support.

In this divorce action, plaintiff moved for a pendente lite order for maintenance for herself and child support for the parties' three minor children. Supreme Court found that defendant was a California resident employed as a corporate vice-president whose 1988 income totaled $221,683. The court also found that plaintiff was a substitute teacher who earned $3,235 in 1988 and lived with the three children in a newly purchased home in Rockland County financed with the assistance of her relatives, with the mortgage, taxes and insurance costs totaling approximately $2,500 per month. Upon these facts the court directed defendant to pay $4,500 per month maintenance, $2,000 per month child support, maintain health insurance coverage and to pay one half of the uninsured medical expenses. Defendant's obligation under the court's order exceeds $78,000 per year, of which $54,000 is tax deductible maintenance. He has appealed, contending that the facts fail to support the order and that the court failed to set forth its reasoning.

We have consistently held that modifications of pendente lite awards should be rarely made by an appellate court and then only under exigent circumstances *(Suydam v Suydam,* 167 AD2d 752), such as where a party is unable to meet his or her financial obligations or justice otherwise requires *(Onorato v Onorato,* 131 AD2d 650). The parties would best be served by an early trial.

In determining the amount of a pendente lite award, it is well settled that a court must arrive at an accommodation between the "reasonable needs" of the party seeking support and the financial ability of the other party to provide for those needs *(Stern v Stern,* 106 AD2d 631, 632; *see,* Domestic Relations Law § 236 [B] [6] [a] ). The court is required to set forth the factors it considered and the reasoning underlying its determination *(LoMuscio-Hamparian v Hamparian,* 137 AD2d 500, 501), even while it need not consider all the factors set

forth in Domestic Relations Law § 236 (B) (6) *(see, Salerno v Salerno,* 142 AD2d 670). Moreover, in this case, at the time Supreme Court rendered its decision compliance with the recently enacted Child Support Standards Act was required (L 1989, ch 567, eff Sept. 15, 1989; *see,* Domestic Relations Law § 240).[1] Having failed to set forth the statutorily required reasoning (Domestic Relations Law § 236 [B] [6] [b]) and having set forth only limited facts, the court's decision cannot stand. However, this court is empowered to substitute a discretionary determination for that of Supreme Court provided it sets forth the factors considered and the reasons for its decision *(LoMuscio-Hamparian v Hamparian, supra,* at 501). We reluctantly do so here in the interest of judicial economy.

The record reveals that during 1988 defendant had a base salary of $117,150 and that he received an incentive bonus of $45,471 and a one-time retention bonus of $59,062. Defendant does not discuss his fringe benefits. We disregard the retention bonus since it was a one-time payment received well before the instant motion. Defendant, who is approximately 39 years old, has a Master's degree in business administration and holds an executive position with a corporation in which he enjoys a substantial equity position as a result of a leveraged buy-out in 1988. He has demonstrated a significantly increased income every year (earning, with bonuses, $116,525.30 in 1985, $143,801 in 1986 and $188,291 in 1987). Defendant has failed to provide any indication of his 1989 earnings or any estimate of his likely bonus,[2] data on fringe benefits, employee expenses (reimbursed or paid directly by the business) or other personal benefits. Plaintiff has primarily been a homemaker, although she is currently working toward certification as a teacher and earned $3,235 in 1988 in substitute teaching. The parties were married in 1975 and separated in July 1987, when plaintiff moved to New York from California and commenced this action.[3] The parties have listed their personal expenses without significant verification and both appear excessive. They

1. Here, no reference to this act was made in Supreme Court's determination, and while the award of child support might comply with Domestic Relations Law § 240 (1-b) (c) (2) by providing for a sum of approximately 29% of the first $80,000, there was no reasoning stated for the court's choice under Domestic Relations Law § 240 (1-b) (c) (3) for treatment of income in excess of $80,000.

2. Both parties attached to their briefs on appeal 1989 information concerning defendant's pay which is not contained within the record, and, accordingly, must be disregarded.

3. The issue of compliance with Domestic Relations Law § 230 residency requirements has not been raised.

and their children are in excellent health and no unusual or extraordinary factors have been set forth.

We find defendant's share of the 1989 combined parental income to be $120,000 base salary plus extensive fringe benefits with the likelihood of a substantial year-end bonus. We conclude that the child support percentage (29%) should be applied to defendant's base salary ($120,000 × 29% = $34,800 divided by 12 months = $2,900/month) and to any bonuses received. We continue the flat percentage on the amount over $80,000 in combined parental income (Domestic Relations Law § 240 [1-b] [c] [3] ) because of the uncertain nature of defendant's bonuses and the lack of any exceptional factors under Domestic Relations Law § 240 (1-b) (f), other than the extraordinary visitation expenses incurred as a result of plaintiff's coast-to-coast move (Domestic Relations Law § 240 [1-b] [f] [10] ). Defendant should be entitled to a partial reimbursement, not to exceed $3,000 annually, from that portion of the child support allocable to any bonus he receives for the cost of airplane tickets purchased each year and used by him or the children for visitation purposes, provided he has not been otherwise reimbursed for such tickets. Defendant shall maintain health insurance on the children and, since his income is virtually 100% of combined parental income, he shall be fully responsible for all reasonably incurred uninsured medical expenses for the children (see, Domestic Relations Law § 240 [1-b] [c] [7] ).

We further determine that plaintiff is entitled to temporary maintenance. The parties enjoyed a standard of living at an upper middle-class level while together and defendant consistently earns more each year in both base salary and bonuses. Plaintiff has been receiving substantial tax-free child support and her housing costs are substantially tax deductible, even though a significant portion is attributable to the children and is factored in child support (see, Lenigan v Lenigan, 159 AD2d 108, 112). Although plaintiff is young, educated and in excellent health, she is only capable of modest earnings not even remotely equal to that of defendant. Her earning ability was diminished by her years of service as a full-time homemaker which she continues for her three children, a burden not shared by defendant. We conclude that plaintiff is entitled to $2,100 per month in temporary maintenance, which will be taxable to her and deductible by defendant, plus health insurance coverage.

Defendant's additional contention, that the Justice assigned to this case should disqualify himself because plaintiff's

brother worked for the Justice as an Assistant District Attorney from 1966 to 1967, is without merit. The Justice concluded that neither this limited relationship nor their occasional professional and social interactions over the ensuing years necessitated recusal. We agree. The circumstances here do not approach the level suggesting disqualification.

Order modified, on the law and the facts, without costs, by providing that defendant pay temporary child support of $2,900 per month, 29% of all bonuses less a credit for purchases of airline tickets used for child visitation not to exceed $3,000 annually, health insurance and all reasonable uninsured medical expenses for the children, temporary maintenance of $2,100 per month and health insurance for plaintiff, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.