■ IRWIN S. MEYER, Appellant-Respondent, v LESLIE S. MEYER, Respondent-Appellant.—Levine, J. (1) Cross appeals

(transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered March 22, 1990 in Rockland County, which, *inter alia,* partially granted defendant's cross motion for pendente lite relief, and (2) appeal from a supplemental order of said court, entered April 4, 1990 in Rockland County, which directed that the pendente lite award was retroactive to the date the application was made.

The parties were married in July 1977 and had one child, a son now age 12, who was born severely retarded and handicapped. In June 1987, plaintiff commenced the instant action for divorce. Following the service of defendant's answer, plaintiff moved for a pendente lite order fixing his total child support and maintenance obligation at $7,141 per month. Defendant then cross-moved for an order directing plaintiff to pay temporary maintenance in the amount of $8,771 per month, temporary child support in the amount of $3,719 per month, and to continue paying the mortgage and all other carrying charges on the marital residence and the premiums on all existant medical, life and disability insurance policies. Defendant also sought $15,000 in interim counsel fees.

In a decision and order entered March 22, 1990, Supreme Court ordered plaintiff to pay $3,422 per month in temporary maintenance, $3,719 per month in temporary child support, all necessary bills for the marital residence, including the mortgage, taxes, utilities and insurance and all life and medical insurance premiums. Supreme Court denied defendant's request for interim counsel fees, postponing resolution of the matter until trial. Subsequently, the court issued a supplemental decision and order, *sua sponte,* directing that its prior order be retroactive to the date of defendant's application. These appeals followed.

Plaintiff's main contention on appeal is that Supreme Court erred in ordering him to pay the carrying charges on the marital residence in addition to, *inter alia,* temporary maintenance and child support. In addressing this claim, we note initially that, because this action was pending as of September 15, 1989, the effective date of the Child Support Standards Act (L 1989, ch 567 [hereinafter the Act]), plaintiff's child support obligation is governed by the Act *(see,* Domestic Relations Law § 240 [1-b]; *Butler v Butler,* 171 AD2d 985; *Gelb v Brown,* 163 AD2d 189). Thus, Supreme Court was required to determine that obligation pursuant to the compulsory calculation delineated in the Act unless it determined, after consideration of the factors contained in Domestic Relations Law § 240 (1-b) (f)

(1) through (10), that the resultant amount was "unjust or inappropriate" (Domestic Relations Law § 240 [1-b] [f]; *see, Lenigan v Lenigan,* 159 AD2d 108, 112).

The amount of child support awarded here is what defendant claimed for child support based upon her application of the guidelines contained in the Act, using plaintiff's income and the statutory percentage for the parties' one child. The amount was also consented to by plaintiff in his reply affidavit. However, "[b]ecause * * * shelter is inherent in the basic child support obligation", Supreme Court's order directing plaintiff to pay all carrying charges on the marital home, including the mortgage, taxes and utilities, results here in child support payments in excess of the statutory guidelines *(Lenigan v Lenigan, supra,* at 112) without identification of the factors justifying the award *(see, supra;* Domestic Relations Law § 240 [1-b] [g]). We note that this additional award requires plaintiff to pay approximately $2,275 per month which, together with his combined child support and maintenance obligation of $7,141 per month, constitutes 73% of plaintiff's net monthly income as determined by Supreme Court. Accordingly, the matter must be remitted to allow Supreme Court to comply with the provisions of Domestic Relations Law § 240 (1-b). Additionally, the court must set forth the factors it considered and the reasons for its award of $3,422 per month in temporary maintenance to defendant *(see, Quilty v Quilty,* 169 AD2d 979; *LoMuscio-Hamparian v Hamparian,* 137 AD2d 500, 501; *Stern v Stern,* 106 AD2d 631, 632).

Next, we agree with plaintiff that, in rendering its supplemental order directing that the pendente lite relief be retroactive to the date of application, Supreme Court erred in failing to credit him for the amounts of temporary support and maintenance already paid *(see,* Domestic Relations Law § 236 [B] [6] [a]; [7]; *West v West,* 151 AD2d 475, 476; *Salerno v Salerno,* 142 AD2d 670, 672). Upon remittal, Supreme Court must determine the amounts voluntarily paid by plaintiff from December 19, 1989 and credit such sum against the retroactive amount due *(see, Salerno v Salerno, supra).*

Finally, we find no abuse of discretion in Supreme Court's refusal to grant defendant's request for interim counsel fees *(see,* Domestic Relations Law § 237 [a]). Defendant's proof failed to demonstrate that a pendite lite award of counsel fees was warranted *(see, Katsaros v Katsaros,* 133 AD2d 611, 612).

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.

Supplemental order modified, on the law, without costs, by adding a provision thereto directing that plaintiff be credited for amounts voluntarily paid to defendant for child support and maintenance since December 19, 1989, and, as so modified, affirmed. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.