■ GAIL B. WAGNER, Respondent, v STEVEN L. WAGNER, Appellant.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered June 20, 1990 in Rockland County, which, *inter alia,* partially granted plaintiff's motion for certain pendente lite relief.

Plaintiff and defendant have been married for 10 years and have three minor children. Plaintiff commenced this action against defendant seeking a divorce based upon cruel and inhuman treatment and moved pendente lite for maintenance and child support. Defendant opposed her motion and crossmoved pendente lite for visitation of the parties' children.

Plaintiff is a physical therapist and works at a local medical center in Rockland County. She also maintains a small private practice for physical therapy. Defendant is a school teacher

who formerly worked as a certified public accountant. During the tax season he prepares tax returns and maintains a small private practice for tax return preparations for his own clients. Both parties submitted net worth statements and provided a copy of their recent pay stubs. Supreme Court directed defendant to pay $450 per week in child support and $50 per week in maintenance. This appeal ensued.

The sole issue on this appeal is whether Supreme Court's award of child support and maintenance was excessive. At the outset, we note that this court does not favor modifying pendente lite awards, except when the ordered payments are so prohibitive as to prevent the payor spouse from meeting his/her own financial obligations or where justice otherwise requires (see, Holmes v Holmes, 151 AD2d 911; Chyrywaty v Chyrywaty, 102 AD2d 1009). The primary concern of the court in determining an application for temporary maintenance is the respective financial conditions of the parties and the movant's need for such support pending trial (see, Onorato v Onorato, 131 AD2d 650). This court's authority is as broad as that of the Supreme Court, and it may substitute a discretionary determination for that of the Supreme Court so long as it sets forth the factors it considered and the reasons for its decision (see, Lo Muscio-Hamparian v Hamparian, 137 AD2d 500, 501).

Upon review of the parties' expenses and respective incomes, it is clear that plaintiff's income is not sufficient to enable her to provide for basic necessities such as mortgage, utilities, food, child care, automobile expenses and insurance. She therefore needs financial assistance from defendant. However, the amount of financial assistance that defendant can provide is limited after making allowances for his basic necessities of rent, utilities, food, student loan, credit card debts, life insurance, automobile expenses and the payment of a second mortgage as directed by Supreme Court. We find that Supreme Court's award of child support and maintenance was excessive and prevents defendant from satisfying his own financial obligations. Accordingly, we modify the award of child support to $237 per week and delete the award of maintenance.

Casey, J. P., Weiss, Mikoll and Harvey, JJ., concur. Ordered that the order is modified, on the facts, without costs, by deleting so much thereof as directed the payment of maintenance and by reducing defendant's payment of child support to $237 per week, and, as so modified, affirmed.