■ DENISE C. MILLER, Respondent, v STEPHEN G. MILLER, Appellant. [596 NYS2d 519] —Mikoll, J. Appeals (1) from that part of an order of the Supreme Court (White, J.), entered January 21, 1992 in Fulton County, which granted plaintiff's motion for temporary maintenance and denied defendant's cross motion for child support payments, and (2) from that part of an order of said court, entered May 4, 1992 in Fulton County, which denied defendant's motion for reconsideration.

Plaintiff and defendant were married on August 10, 1969. Plaintiff sued defendant for divorce based on cruel and inhuman treatment by service of a summons with notice on November 19, 1990. There are three children of the marriage who were 18, 16 and 12 years old at the time of this action. The parties entered into a custody agreement in connection with litigation pending in the Family Court of Fulton County which provided for joint custody, with defendant having primary physical custody subject to plaintiff's rights of liberal visitation. Plaintiff works as an assembler earning $5.50 per hour. Defendant is a man of considerable means.

Plaintiff moved by notice of motion dated October 8, 1991 for an order of, inter alia, temporary spousal maintenance. Defendant cross-moved for various interim relief including child support. Plaintiff was awarded temporary maintenance in the sum of $200 a week, health coverage and one half of the reasonable and necessary health care expenses not paid by insurance. Defendant's cross motion for child support was denied based upon the disparity in the parties' financial

circumstances. Defendant moved for reconsideration. Plaintiff opposed the motion and sought by cross motion an income deduction order and counsel fees. Supreme Court denied all relief requested by the parties.

As a general rule, a speedy trial is the appropriate avenue for correction of any inequalities in an order seeking temporary relief *(Chyrywaty v Chyrywaty,* 102 AD2d 1009) unless justice requires otherwise *(Quilty v Quilty,* 169 AD2d 979). We find no compelling reason to deviate from the general rule in the circumstances before us. Supreme Court did not abuse its discretion and its orders should be affirmed.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the orders are affirmed, with costs.