■ MARY KERNAN-CRITSER, Appellant, v ROBERT J. CRITSER, Respondent. [619 NYS2d 174] —Casey, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), ordering equitable distribution of the parties' marital property, entered July 28, 1993 in Otsego County, upon a decision of the court.

Plaintiff commenced this action for a divorce and equitable distribution of marital property in September 1991. When the parties married in August 1987, plaintiff had two children by a previous marriage. One child was born to the parties in December 1988. Plaintiff appeals from the judgment entered in this action, claiming error in Supreme Court's award of maintenance and distribution of marital property.

Considering plaintiff's contentions seriatim, we believe that the award of maintenance to defendant was proper. That defendant had income at the commencement of the action does not require a contrary conclusion. It is uncontroverted that defendant was unemployed at the time of the trial. Defendant receives $247 per week in unemployment benefits

and pays $110 per week in child support. His rent is $390 a month, leaving $198 for food and bills, which include credit card bills and a student loan. Plaintiff earns approximately $5,000 per month and also has substantial expenses. Despite the short duration of the marriage, it cannot be said that maintenance of $500 a month for six months or until defendant obtains employment, whichever occurs first, is an abuse of discretion (see, Moller v Moller, 188 AD2d 807).

As to the equitable distribution portion of the judgment, Supreme Court apparently awarded each party 50% of the net marital property after taking into account the marital debts and the amount of the marital property acquired with the proceeds of the parties' separate property. Because most of the marital property was awarded to plaintiff, she was required to make a lump-sum payment to defendant to effect the equitable distribution determined by Supreme Court. Plaintiff contends that in distributing the marital residence, Supreme Court erred in failing to take into account plaintiff's payment of all but four of the mortgage payments made after commencement of the action. We agree with plaintiff's argument to the extent that she was entitled to a credit for the mortgage payments she made as a result of defendant's noncompliance with a prior court order which directed him to make one half of the mortgage payments due after July 10, 1992. Remittal is required on this issue because there is insufficient evidence for us to determine the number of payments made by plaintiff after July 10, 1992.

Plaintiff also contends that Supreme Court erred in regard to its treatment of defendant's profit sharing plan and one of two snowmobiles awarded to defendant. We agree. The record establishes that the funds were deposited in defendant's profit sharing plan during the marriage and, therefore, should have been considered marital property, not defendant's separate property (see, Majauskas v Majauskas, 61 NY2d 481, 485-486).

As to the snowmobiles, which Supreme Court determined to be marital property, the record establishes that plaintiff paid $5,700 from the proceeds of her separate property for the purchase of the snowmobiles (see, Domestic Relations Law § 236 [B] [1] [d] [3]). On appeal, plaintiff claims only that one of the snowmobiles, worth $1,600, which she purchased for her daughter, should have been treated as her separate property. Inasmuch as the matter must be remitted on the mortgage payment issue, we leave it to Supreme Court to make the appropriate adjustments required by our findings regarding defendant's profit sharing plan and the snowmobiles. We

reject plaintiff's claim that Supreme Court's equitable distribution was otherwise flawed.

Mikoll, J. P., Crew III and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, so as to provide that defendant's profit sharing plan is marital property and one snowmobile, worth $1,600 is plaintiff's separate property, and to provide that plaintiff is entitled to a credit for any mortgage payments made by plaintiff subsequent to July 10, 1992 as a result of defendant's failure to comply with a court order directing him to make one half of the mortgage payments; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.