■ Lois Fischman, Respondent, v Stuart Fischman, Appellant. [619 NYS2d 198] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Colabella, J.), entered March 18, 1993 in Westchester County, which, upon reconsideration, *inter alia,* modified a pendente lite award of child support.

In this divorce action, defendant limits his appeal to so much of Supreme Court's modified pendente lite order as (1) awarded plaintiff $10,000 in interim counsel fees, (2) awarded plaintiff $7,500 as accountant's fees, and (3) required defendant to pay both child support and all expenses attributable to the marital residence, which he asserts constitutes impermissible "double dipping". We conclude that defendant's contentions lack merit and accordingly affirm.

Initially, we reject the contention that the parties' so-called separation agreement precluded an award of counsel or accountant's fees. The instrument, prepared by defendant, an attorney, and executed by plaintiff without the benefit of disinterested legal counsel only one month prior to the present application, is silent on the issues of maintenance and support and purports to distribute substantially all of the parties' assets to defendant. Under the circumstances, we conclude that plaintiff was entitled to broad discovery of defendant's current financial condition and an award of counsel and accounting fees in furtherance thereof *(cf., Garguilio v Garguilio,* 168 AD2d 666; *Wandell v Wandell,* 140 AD2d 434; *Weinstock v Weinstock,* 122 AD2d 790; *Potvin v Potvin,* 92 AD2d 562). We also note that the agreement does not by its terms bar Supreme Court's awards *(see, Pelkey v Pelkey,* 79 AD2d 835, *lv denied* 53 NY2d 601; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C237:2, at 504-505; *see also, Balenske v Balenske,* 73 Misc 2d 405; *cf., Demis v Demis,* 168 AD2d 840, 842, *lv dismissed* 78 NY2d 1007). Notably, we do not view the provisions that the parties "agree not go to a divorce attorney" and that "[t]he final divorce shall be obtained amicably, and with no further litigation on either side" as precluding an award of counsel fees.

Second, considering the parties' sharply disparate economic circumstances and defendant's demonstrated efforts to obscure his true financial condition, Supreme Court did not abuse its

discretion in making the challenged awards of counsel and accountant's fees *(see, Wolfe v Wolfe,* 111 AD2d 809; *Karnilaw v Karnilaw,* 110 AD2d 685; *Pacheco v Pacheco,* 107 AD2d 741). Here, Supreme Court properly awarded counsel fees after considering the circumstances of the case, the relative financial circumstances of the parties, the complexity of the litigation and the reasonable projection of the services to be provided *(see,* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Sclafani v Sclafani,* 178 AD2d 830, 832). Further, the accountant's affidavit reveals an intention to evaluate the whole of the parties' financial circumstances, and not just defendant's "defunct" law practice as contended by defendant, and details the services to be performed and the time involved *(see, Scagnelli v Scagnelli,* 127 AD2d 754).

Finally, in view of the fact that Supreme Court does not appear to have applied the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) in fixing temporary child support, a practice permitted in the Second Department *(compare, George v George,* 192 AD2d 693, *with Meyer v Meyer,* 173 AD2d 1021) where this appeal originated *(see, Matter of Doyle v Amster,* 79 NY2d 592, 595; Siegel, *The Second Department's Transferred Cases: Whose Law Applies in a Conflict?,* NYLJ, Apr. 23, 1990, at 1, col 1), there can be no "double shelter allowance" *(compare, Krantz v Krantz,* 175 AD2d 863; *Meyer v Meyer, supra; Lenigan v Lenigan,* 159 AD2d 108, 112). Moreover, in view of the fact that the children do not reside in the marital residence, the direction that defendant pay all expenses relative to that property cannot be considered an award of child support in any event.

Cardona, P. J., White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.