In the Matter of MARGARET CHAGNON, Respondent, v STEPHEN CHAGNON, Appellant. [638 NYS2d 823] —White, J.

In February 1992, Family Court, in a temporary order, directed respondent to pay petitioner $25 per week in child support for the parties' two children plus one half of the mortgage payment, including the real estate tax escrow, due on the marital residence, resulting in a total monthly payment of $302. By order dated May 19, 1994, Family Court fixed permanent child support in the sum of $67 per week retroactive to September 30, 1991. Thereafter, the court established respondent's child support arrears in the sum of $6,513, giving him credit for the payment of child support but not for the mortgage and escrow payments. Respondent appeals, contending that there is no retroactive amount of child support due as he should have received a credit for the mortgage and escrow payments and, because his obligation under the temporary order exceeded that established by the permanent order, he is entitled to a credit of $1,181 for the alleged overpayment of child support.

We affirm. Because the children only resided for a brief period of time in the marital residence during the period when respondent was making the mortgage and escrow payments, these payments did not constitute child support and could not be credited to the amount due from respondent in child support arrearages (*see, Fischman v Fischman*, 209 AD2d 916,

917). While this determination vitiates respondent's claim for a credit for the alleged overpayment of child support, it does not prejudice him since, in addition to deriving a tax benefit from the mortgage and escrow payments, said payments increased the equity value of the marital residence and, concomitantly, the value of respondent's potential distributive share of this item of marital property.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.