■ Amy L. MacKinnon, Appellant, v Robert A. MacKinnon, Respondent. [665 NYS2d 121] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 4, 1997 in Ulster County, which partially denied plaintiff's motion for certain pendente lite relief.

The parties were married in 1951 and have one emancipated child. During the course of the marriage defendant has engaged in the practice of law in addition to his management of numerous corporations and a substantial financial portfolio. Plaintiff has been a homemaker for more than four decades and has taken a passive role in management of the parties' extensive

holdings. Plaintiff filed for divorce in 1996 upon the grounds of cruel and inhuman treatment and adultery; ancillary relief was requested in the form of maintenance, exclusive possession and occupancy of the marital residence, equitable distribution of marital assets, legal fees and necessaries, medical insurance, life insurance and expert fees. Defendant filed a general denial. Thereafter, plaintiff moved for pendente lite relief in the nature of orders restraining defendant from selling, transferring, borrowing against, hypothecating or otherwise disposing of any marital assets, awarding temporary maintenance to plaintiff of $10,000 per month, directing defendant to pay for plaintiff's medical insurance; granting plaintiff exclusive possession and occupancy of the marital residence and granting plaintiff interim counsel fees of $25,000. Defendant's amended statement of net worth listed his net worth in excess of $6.5 million. In support of her motion for pendente lite relief plaintiff alleges that defendant's net worth is in excess of $12 million.

Supreme Court denied plaintiff's requests for interim legal fees, exclusive possession and occupancy of the marital residence and a preliminary injunction. The court directed defendant to pay all household expenses, maintenance and repairs, real property taxes, utilities, telephone charges, fuel oil expenses, food costs and dry cleaning bills incurred by plaintiff and to continue to pay plaintiff a stipend of $200 per week. The court did not require defendant to pay for plaintiff's health insurance, but directed that defendant be responsible for all unreimbursed medical, dental, optical and pharmaceutical costs incurred by plaintiff. Plaintiff now appeals.*

Domestic Relations Law § 234 allows courts to issue preliminary injunctions aimed at the preservation of marital assets pending equitable distribution. Such interim property restraints are available upon a showing of proper cause (see, Scheinkman, 1995 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C234:5, 1997 Supp Pamph, at 12). Here, plaintiff has failed to rebut defendant's contention that such restraints would severely limit his continued management of the marital estate; further, in the absence of some proof of defendant's intent to defraud plaintiff, we find no reason to hamper defendant's ability to continue managing the assets (see, Strong v Strong, 142 AD2d

---

* Plaintiff's failure to include the issue of exclusive possession and occupancy of the marital residence in her brief warrants a conclusion that that issue has been abandoned (see, Rebh v Lake George Ventures, 223 AD2d 986; Shepherd v Whispering Pines, 188 AD2d 786).

810, 812; *Richter v Richter*, 131 AD2d 453). Under the circumstances here, we find no reason to disturb Supreme Court's discretion in denying the injunction.

Further, as we have previously stated, we "do[ ] not favor modifying pendente lite awards, except when the ordered payments are so prohibitive as to prevent the payor spouse from meeting his/her own financial obligations or where justice otherwise requires" (*Wagner v Wagner*, 175 AD2d 391, 392; *see, Holmes v Holmes*, 151 AD2d 911; *Chyrywaty v Chyrywaty*, 102 AD2d 1009). "In determining the amount of a pendente lite award, it is well settled that a court must arrive at an accommodation between the 'reasonable needs' of the party seeking support and the financial ability of the other party to provide for those needs [citations omitted]" (*Quilty v Quilty*, 169 AD2d 979). Defendant's ability to pay does not appear to be at issue. However, in light of the parties' marital standard of living, plaintiff's needs, defendant's substantial assets, income and earning ability, and the clear evidence that plaintiff faces prolonged discovery proceedings to obtain full financial information as to defendant's assets we conclude that Supreme Court's maintenance award of $200 per week is inadequate. This determination is made pursuant to the unique circumstances of this case and is not intended to modify our general policy of resolving such issues by a speedy trial (*see, Holmes v Holmes*, *supra*, at 912). Based upon plaintiff's needs and prior marital standard of living and defendant's ability to pay, we conclude that plaintiff is entitled to $1,500 per week in maintenance in addition to all the pendente relief already granted to plaintiff by Supreme Court.

Finally, we will not disturb Supreme Court's determination regarding interim counsel fees. Supreme Court denied the requested relief without prejudice to move at a later date for any further fees plaintiff may have to expend; in our view, this determination does not amount to an abuse of discretion.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the facts, with costs to plaintiff, by increasing plaintiff's temporary maintenance award to $1,500 per week, and, as so modified, affirmed.