■ RONALD J. BROWNING et al., Plaintiffs, v COUNTY FENCE COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. GRAND UNION COMPANY, Third-Party Defendant-Respondent. [686 NYS2d 491] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered April 10, 1998, as granted that branch of the motion of the third-party defendant which was to dismiss the third-party complaint as barred by Workers' Compensation Law § 11.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion of the third-

party defendant which was to dismiss the third-party complaint is denied, and the third-party complaint is reinstated.

The Supreme Court erred in concluding that Workers' Compensation Law § 11, as amended (L 1996, ch 635, § 2), was applicable to the circumstances presented here. That amendment is to be applied prospectively to actions by employees commenced after the effective date of the amendment. While the third-party action here was commenced after the effective date of the amendment, since the main action was commenced, *inter alia*, by the employee prior to the effective date, the amendment does not apply (*see, Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 590; *Maher v Whitehead,* 254 AD2d 263). S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.