■ WILLIAM SEDLACK JR., Appellant, v BELINDA SEDLACK, Respondent. [748 NYS2d 806] —Peters, J. Appeal from an order of the Supreme Court (Ledina, J.), entered July 3, 2001 in Sullivan County, which, inter alia, granted defendant's motion for pendente lite relief.

The parties, married since 1985, are the sole owners of Sedlack Auto Body, Inc., in Sullivan County. Due to their acrimonious relationship, plaintiff sought relief from the Family Court of Sullivan County, which implemented, by order dated December 31, 1999, their agreement that, in consideration of defendant's physical departure from the family business, plaintiff would continue to pay her salary of $500 weekly, as well as her personal expenses which were previously paid for by their business. Thereafter, the parties stipulated to joint legal custody of their children, born March 29, 1998 and September 4, 1993, with primary physical custody to defendant.

In March 2001, with an action for divorce pending, defendant moved in Supreme Court for pendente lite relief requesting, inter alia, temporary maintenance and child support in the amount of $7,500 per month. Although acknowledging that plaintiff consistently paid the agreed upon $500 weekly salary, defendant contended that, with endless disputes over the legitimacy of the personal expenses submitted, she was seeking a monthly lump-sum amount which would combine both child support and spousal maintenance. In furtherance thereof, she submitted her affidavit, which annexed the prior consent order

pertaining to support as well as a plethora of bills and cancelled checks from the parties' business account, to support her claim that it was their practice to pay all personal expenses from the business.[1]

Plaintiff challenged both the amount sought by defendant and the extent to which the business paid for their personal expenses. Through the submission of his own affidavit and, as here relevant, recent copies of personal and business income tax returns, he attempted to demonstrate a marked decrease in taxable income. Yet, despite his sole possession of the business checkbook, ledger and other business records, no direct documentary evidence was proffered to challenge the claims of reimbursement for personal expenses. Defendant noted, in reply, that despite their stipulation of settlement, plaintiff's continued intransigence caused her to incur significant credit card debt in addition to that existing at the time of separation. This claim was supported by appropriate documentation and a statement of defendant's net worth.

Plaintiff challenged this submission as an untimely proffer. Supreme Court agreed to accept the submission and extend considerable time for plaintiff's response. After full submissions, Supreme Court awarded defendant, inter alia, a combination of temporary maintenance and child support in the amount of $5,070 per month. This appeal ensued.

In reaching a reasonable determination on a motion for pendente lite relief, " 'a court must arrive at an accommodation between the "reasonable needs" of the party seeking support and the financial ability of the other party to provide for those needs' " (*MacKinnon v MacKinnon*, 245 AD2d 676, 678, quoting *Quilty v Quilty*, 169 AD2d 979, 979; *see* Domestic Relations Law § 236 [B] [6]). While considerations underlying the determination must be articulated, the court is not compelled to consider each factor enumerated in Domestic Relations Law § 236 (B) (6) (*see Quilty v Quilty, supra* at 979-980; *Liss v Liss*, 87 AD2d 681, 682; *see also Charnock v Charnock*, 197 AD2d 759). Upon appeal, "only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires" (*Quilty v Quilty, supra* at 979 [citation omitted]), will modifications of a pendente lite award be made since "the [more] appropriate remedy * * * is a prompt trial" (*Dane v Dane*, 260 AD2d 817, 818; *see MacKinnon v MacKinnon, supra* at 678).

Here we find no such exigent circumstances. Plaintiff failed

---

1. Notably, the Family Court Judge who presided over this matter was sitting as an Acting Supreme Court Justice in this proceeding.

to submit any viable opposition to defendant's documented assertions that their business paid for their personal expenses, that plaintiff agreed to continue with that practice or that the present award would render him unable to meet his own financial obligations (*see Dane v Dane, supra* at 818; *Verderame v Verderame,* 247 AD2d 609, 609; *compare Wagner v Wagner,* 175 AD2d 391). Hence, with the aforementioned proof and the absence of a statement of plaintiff's net worth[2] (*see Roach v Roach,* 193 AD2d 660, 661), we find Supreme Court to have made a proper award of child support based upon defendant's submissions.[3] Finding no other viable challenge to the court's calculation, including those amounts needed to reduce defendant's monthly credit card expenses, some of which were incurred as a result of plaintiff's failure to abide by the stipulated agreement concerning expenses—an agreement made before the same Judge in Family Court—(*see* Domestic Relations Law § 236 [B] [6] [a] [11]; *see generally Kernan-Critser v Critser,* 209 AD2d 825; *but see Tobias v Tobias,* 33 AD2d 666, 666; *Lewis v Lewis,* 22 AD2d 860, 861), our review concludes.

Given the parties' submissions, Supreme Court properly assessed the reasonable needs of these parties against their respective financial circumstances. Any remaining inequity must await a trial where a more exacting appraisal of the parties' financial circumstances can be discerned (*see Dane v Dane, supra* at 818). Having reviewed and rejected, as without merit, all remaining contentions, we affirm.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

2. While Supreme Court may have inadvertently referenced Family Ct Act § 413 (1) (k) when forced to calculate an award of child support without an evidentiary proffer, the error is insignificant since the considerations raised herein mirror that of Domestic Relations Law § 240 (1-b) (k).

3. In so finding, we reject plaintiff's assertion that Supreme Court overlooked defendant's monthly income as reflected in her net worth statement dated January 2001 as baseless. Notably, by her affidavit of March 2001, it adequately detailed that, by such time, she was unemployed.