■ Tanya J. Quarty, Appellant, v Kenneth A. Quarty, Respondent. [902 NYS2d 237]—

Cardona, P.J. Appeal from that part of an order of the Supreme Court (Coccoma, J.), entered June 25, 2009 in Otsego County, which granted defendant's cross motion for certain pendente lite relief.

Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2000 and are the parents of one child. In 2009, each party commenced divorce actions which were subsequently consolidated. As is relevant to this appeal, following the wife's motion by order to show cause for certain temporary relief, the husband cross-moved seeking, among other things, temporary maintenance. After submission of the parties' amended net worth statements and the past three years of tax returns, Supreme Court directed the wife to pay $375 per week (or $750 biweekly)* and this appeal by the wife ensued.

Initially, we note that because a speedy trial is the most appropriate remedy for any claimed inequity (*see Colley v Colley*, 200 AD2d 839, 840 [1994]), this Court generally will not modify pendente lite awards unless the ordered payments prevent the

---

* This Court granted the wife's motion to stay the enforcement of that order on the condition that she continue to pay $885 per month in temporary maintenance pending the outcome of this appeal.

payor spouse from meeting his or her own financial obligations or where justice otherwise requires (*see Newkirk v Newkirk*, 194 AD2d 842 [1993]). Notably, "[t]his [C]ourt's authority is as broad as that of the Supreme Court, and it may substitute a discretionary determination for that of the Supreme Court" (*Wagner v Wagner*, 175 AD2d 391, 392 [1991]). When making a pendente lite award a court must consider the respective financial conditions of the parties and the reasonable needs of the party seeking support pending trial (*see Sedlack v Sedlack*, 298 AD2d 691, 692 [2002]; *Fox v Fox*, 290 AD2d 749, 750 [2002]; *Wagner v Wagner*, 175 AD2d at 392).

A review of the husband's claimed net worth statement clearly demonstrates that he is in financial need of assistance inasmuch as his permanent disability payments of $880 monthly are not sufficient to enable him to meet the basic necessities for rent, utilities, food, and other miscellaneous expenses. The wife earns substantially more income, totaling approximately $3,800 a month, in her employment as a traveling nurse practitioner. Nevertheless, the information set forth in her net worth statement evinces that her monthly income is exceeded by her monthly expenses, which include two mortgages on the marital residence and student loans (which account for more than half of her monthly income), as well as household maintenance, credit card debts, insurance, and expenses in relation to the physical custody of the parties' child and as sole provider for her other child. Even accepting the husband's contention that the wife's monthly expenses are overstated by $1,130, the wife would still be prevented from meeting her own financial obligations in light of the temporary maintenance obligation imposed by Supreme Court. Under these circumstances, considering the financial needs of the husband, the financial constraints on the wife, as well as the net worth statements submitted by the parties and their respective challenges thereto, we deem it appropriate to reduce the temporary maintenance award to $500 a month pending an ultimate determination made at trial.

Spain, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the facts, without costs, by reducing plaintiff's payment of temporary maintenance to $500 a month, and, as so modified, affirmed.