■ KATHERINE MAUREEN CUMMINS, Appellant, v HOWARD LUNE, Respondent. [56 NYS3d 631]—

Rose, J. Appeal from an order of the Supreme Court (Gilpatric, J.), entered September 23, 2016 in Ulster County, which, among other things, partially denied plaintiff's motion for pendente lite relief.

Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2006 and have one child (born in 2001). In August 2015, the parties entered into a separation agreement regarding certain limited issues. Pursuant to their agreement, the husband remained in the marital residence and assumed the obligation to pay most of the monthly carrying charges associated with the residence while it was marketed for sale, after which the net proceeds would be evenly divided. In recognition of the husband's sizeable obligation to pay the carrying charges, the agreement limited the amount that he would pay the wife "for basic child and spousal support" to a single, combined payment of $1,475 per month, plus 17% of any royalty income he earned, and these payments would continue "until the marital residence [was] sold." The agreement further set forth that, notwithstanding any other language to the contrary, the wife was limited to the support payments that the agreement obligated the husband to pay.

In January 2016, the wife commenced this divorce action and, shortly thereafter, the marital residence was sold, the proceeds were equitably distributed in accordance with the agreement and the husband's obligation to pay the carrying charges ceased. The parties disagreed, however, as to whether the terms of the separation agreement should nevertheless continue to limit the wife's maintenance and child support. As

a result, she then moved for pendente lite relief seeking, among other things, a temporary award of child support in accordance with the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b] [hereinafter CSSA]), temporary maintenance (*see* Domestic Relations Law § 236 [B] [5-a]) and $3,500 in counsel fees (*see* Domestic Relations Law § 237). In support of her request, the wife asserted that the support provision of the agreement was only intended to cover the period of time up until the house was sold. In response, the husband cross-moved for an order denying the wife's request for pendente lite relief and awarding him counsel fees. Supreme Court, concluding that it was unable to determine the parties intent from the agreement alone, ordered a full evidentiary hearing with testimony by the parties and their respective counsel who had drafted the agreement. In addition, the court continued the terms of the agreement, denied the wife's request for counsel fees and did not address her request in her reply papers to invalidate the agreement's child support provision for failing to comply with the CSSA. The wife now appeals.

Where a separation agreement "is clear and unambiguous on its face, the courts must determine the intent of the parties from within the four corners of the instrument" (*Matter of Meccico v Meccico*, 76 NY2d 822, 824 [1990]; *see Matter of Wasyliw v Smith*, 18 AD3d 931, 932-933 [2005]; *Matter of Vizvary v Vizvary*, 265 AD2d 697, 698 [1999]). In assessing the parties' intent, the agreement "should be read as a whole to ensure that undue emphasis is not placed upon particular words and phrases" (*Consedine v Portville Cent. School Dist.*, 12 NY3d 286, 293 [2009]; *see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]). Further, a reading of the agreement "should not render any portion meaningless" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324-325 [2007]; *see Jenkins v Jenkins*, 145 AD3d 1231, 1234 [2016]).

Upon our review, we find that the agreement clearly and unambiguously reflects the parties' intent to finally resolve the issue of custody and the equitable distribution of the marital residence. In finally resolving these two issues, the parties limited the monetary amount that the husband would pay to the wife for child support and maintenance during the finite period that he was residing in the marital home and paying a disproportionate share of the carrying charges. When viewed in the context of the entire agreement, it is readily apparent that the provision limiting the wife to the support payments that the agreement obligated the husband to pay was intended only as a limit to the monetary amount of the husband's pay-

ments and not as a limit to the duration of such payments. In short, we find that an evidentiary hearing is unnecessary regarding the parties' intent inasmuch as their intent is clear from within the four corners of the agreement.

Our conclusion is not altered by the fact that the agreement also included an "opting out" provision inasmuch as that provision references equitable distribution, as opposed to child support or maintenance. In any event, we agree with the wife that the opting out provision is unenforceable as to child support because it fails to comply with the requirements of the CSSA (*see* Domestic Relations Law § 240 [1-b] [h]; *Anderson v Anderson*, 50 AD3d 610, 611 [2008]; *Jefferson v Jefferson*, 21 AD3d 879, 881 [2005]; *compare Tremont v Tremont*, 35 AD3d 1046, 1049 [2006]).* As a result, the child support provision of the agreement fails to comply with the CSSA and is invalid. Further, because the support provision provides only a single amount which is referred to generally as "support" and is explicitly intended to include both child support and maintenance, those obligations are inextricably intertwined such that the entire support provision must be vacated (*see Young v Young*, 142 AD3d 612, 613 [2016]; *cf. Anonymous v Anonymous*, 142 AD3d 187, 192 [2016]; *compare Bushlow v Bushlow*, 89 AD3d 663, 664 [2011]; *Colucci v Colucci*, 54 AD3d 710, 713 [2008]). Despite this, we note that the separation agreement may, nevertheless, be enforceable with respect to the other agreed-upon obligations set forth therein (*see Ferro v Bologna*, 31 NY2d 30, 36 [1972]; *Cimons v Cimons*, 53 AD3d 125, 129 [2008]; *see also Petersen v Petersen*, 125 AD3d 1234, 1236 [2015]).

As to an appropriate award of temporary child support and temporary maintenance, "this Court's authority is as broad as that of the Supreme Court, and [we] may substitute a discretionary determination for that of the Supreme Court" and make the necessary findings upon a fully developed record (*Cheney v Cheney*, 86 AD3d 833, 835-836 [2011] [internal quotation marks and citations omitted]; *see e.g. Ingersoll v Ingersoll*, 86 AD3d 684, 685-686 [2011]; *Quarty v Quarty*, 74 AD3d 1516, 1517 [2010]). Here, however, the record is silent as to the parties' re-

---

* Although the wife improperly raised this issue for the first time in her reply papers (*see Oglesby v Barragan*, 135 AD3d 1215, 1216 [2016]), because it presents a purely legal question that appears on the face of the record and could not have been avoided had it been properly raised, we may review this argument on appeal (*see Carlyle CIM Agent, L.L.C. v Trey Resources I, LLC*, 148 AD3d 562, 565 [2017]; *Franklin v Hafftka*, 140 AD3d 922, 924 [2016]; *Matter of Schuyler*, 133 AD3d 1160, 1162 n 3 [2015], *lv denied* 27 NY3d 908 [2016]).

spective incomes and financial obligations for 2016 and the parties' statements of net worth set forth in the record are now outdated. In addition, although the record indicates that the husband has continued to pay $1,475 per month to the wife during the pendency of this appeal, it does not disclose the amount of royalty income he has paid to her. In light of this, we are unable to accurately consider "the respective financial conditions of the parties" (*Quarty v Quarty*, 74 AD3d at 1517; *see Sedlack v Sedlack*, 298 AD2d 691, 692 [2002]). Accordingly, we remit this matter to Supreme Court to determine appropriate pendente lite awards of child support and maintenance for the wife. We note that, upon remittal, Supreme Court must also determine the other aspects of the wife's motion that it did not address, including her request for temporary physical custody of the child in accordance with the parties' agreement, as well as her request to amend the caption of this action.

We also agree with the wife that Supreme Court abused its discretion by denying that part of her motion seeking an award of $3,500 in counsel fees. It is undisputed that the wife's status as the less monied spouse gives rise to a statutory rebuttable presumption that she is entitled to an award of counsel fees (*see* Domestic Relations Law § 237 [a]; *Macaluso v Macaluso*, 145 AD3d 1295, 1297 [2016]; *Teaney v Teaney*, 138 AD3d 1301, 1303 [2016]). Although Supreme Court recognized this rebuttable presumption, the court then went on to disregard it by denying the wife's request for counsel fees without determining whether the husband had rebutted the statutory presumption. Nevertheless, given that the record has been fully developed on this issue, we exercise our authority to make the required findings (*see Macaluso v Macaluso*, 145 AD3d at 1298). After reviewing the record, including the affidavit from the wife's counsel, the retainer agreement and the evidence indicating the significant income disparity between the parties, we find that the husband failed to rebut the presumption that the wife is entitled to an award of counsel fees in the amount of $3,500 (*see Wald v Wald*, 44 AD3d 848, 850 [2007]; *compare Valitutto v Valitutto*, 137 AD3d 1526, 1530 [2016]).

The parties' remaining contentions have been reviewed and determined to be lacking in merit.

McCarthy, J.P., Devine, Clark and Mulvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiff's motion seeking an award of temporary child support, temporary maintenance and counsel fees; motion granted to that extent, plaintiff is awarded $3,500 in counsel fees and matter remitted

to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.