■ FRED K. LAPHAM, III, Respondent, v ANNE M. RUFLIN, Appellant. [661 NYS2d 373] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: When the parties were married in 1983, plaintiff had an undergraduate degree in mathematics and a Master's degree in applied statistics; he was the owner and president of a computer programming company. Defendant had an undergraduate degree in management and was employed as the director of sales and marketing of plaintiff's company. Plaintiff discontinued his company in 1985 and became employed as a computer software consultant for approximately 10 years. During the 1994-1995 academic year, plaintiff attended a college program to earn a teaching certification in mathematics. He was employed as a trainee stockbroker from July 1995 until May 1996 at an annual salary of $35,000. Defendant was employed full time throughout the marriage. The parties have two children, one born in 1987 and the other in 1990. Plaintiff commenced this action for divorce in August 1995.

Before trial, the parties entered into a stipulation regarding custody of the children and certain economic issues. Plaintiff was then unemployed and receiving $300 per week in unemployment insurance. Defendant was then earning more than $80,000 annually as president of a managed care company. The trial was limited to child support and the remaining economic issues. After trial, plaintiff was ordered to pay child support of $75 per week. Supreme Court made a finding that plaintiff was involuntarily unemployed and is actively seeking employment within the fields of his experience, training and qualifications; the court determined that the value of the marital estate was $154,902.57 and directed the parties to arrive at an equal division within 30 days after entry of the judgment. Defendant appeals from those portions of the judgment of divorce regarding child support and the distribution of certain marital property.

Defendant contends that the court erred in failing to distribute as a marital asset the value of plaintiff's enhanced earn-

ings attributable to the teaching certification in mathematics that plaintiff obtained during the marriage. We agree. It is well settled that a degree or professional license earned during the marriage is marital property subject to equitable distribution (*see, McSparron v McSparron*, 87 NY2d 275, *rearg dismissed* 88 NY2d 916; *O'Brien v O'Brien*, 66 NY2d 576; *Finocchio v Finocchio*, 162 AD2d 1044; *DiCaprio v DiCaprio*, 162 AD2d 944, 945, *lv denied* 77 NY2d 802). The parties stipulated into evidence a report prepared by defendant's expert witness that assessed the enhanced earning capacity of plaintiff attributable to his certification. The report projected that plaintiff's future earning capacity as a math teacher, including benefits, was between $564,750 and $630,769, or an average of $597,760. The report also projected that plaintiff's future earning capacity as a computer consultant was between $430,365 and $519,860, or an average of $475,113. Based upon the difference between the average future earning capacity as a math teacher and a computer consultant, the report arrived at a discounted net present value of plaintiff's enhanced earnings of $122,646 attributable to plaintiff's certification. The figures and projected earnings in the report were undisputed. Therefore, we modify the judgment by including the enhanced earnings as a marital asset and awarding defendant a distributive share of 50%, or $61,323, of plaintiff's future enhanced earning capacity.

Defendant contends that, instead of making an equal distribution, the court should have awarded her 75% of the marital property. We disagree. Although there is no requirement that the court distribute the marital property on an equal basis, we cannot conclude that the court's equal distribution of the marital property was inequitable or an abuse of discretion (*see, Arvantides v Arvantides*, 64 NY2d 1033; *Urtis v Urtis*, 181 AD2d 1001, 1003).

The court failed to include, as marital property, $20,000 in cash kept by plaintiff in a safe deposit box. Plaintiff contends that the court's inclusion of $13,500 as "marital property advanced to plaintiff" represented a rejection of defendant's proof on that issue. The record establishes, however, that the $13,500 bears no relationship to the $20,000 that was in the safe deposit box. Therefore, we further modify the judgment to include the sum of $20,000 in the marital estate.

We further modify the judgment to conform to the findings of fact regarding the distribution of the stipulated $59,000 in equity in the residence located at 4642 Timberwind, Bristol, New York, divided as follows: (1) $26,000 to plaintiff as separate property; (2) $10,000 to plaintiff as marital property; and

(3) $23,000 to defendant as marital property. The value of the appliances in the property, however, should not have been added as marital property because their value had been included in the stipulated $59,000 equity. Therefore, we further modify the judgment to delete from the marital estate the sum of $2,500 attributable to the appliances.

The court assigned a value of $2,500 to a horse trailer that the parties stipulated had a value of $2,000 and failed to include as marital property a horse carriage with a stipulated value of $2,000. Therefore, we further modify the judgment by substituting $2,000 as the value of the horse trailer and by including the $2,000 value of the horse carriage in the marital estate.

The court erred in failing to include the $600 equity in plaintiff's 1992 Subaru automobile as marital property (see, Domestic Relations Law § 236 [B] [1] [c]). Therefore, we modify the judgment to include that amount in the marital estate as well.

The court computed the total cash advances taken by plaintiff from the marital property as $13,500. The record establishes, however, that the total cash advances taken by plaintiff, less the $100 check used for joint living expenses, totalled $14,662.39. Additionally, the court should have added a $2,950 credit card advance obtained by plaintiff via defendant's credit card. Therefore, we modify the judgment by substituting the sum of $17,612.39 as the total cash advances taken by plaintiff.

The court ordered that the "New Earnings Total" of $2,216.31 on defendant's General Motors (GM) credit card be sold and distributed equally between the parties. That sum, however, represents a credit to defendant, redeemable only in the form of a discount on the purchase or lease of a GM vehicle and may never be realized. At trial, defendant offered to assign that unrealized asset to plaintiff, which we conclude is a practical way to distribute that asset. Therefore, we modify the judgment by directing defendant to assign to plaintiff the "New Earnings Total" on defendant's credit card.

The court erred in distributing the total proceeds from the sale of certain lots of real property owned by the parties because more than half of those proceeds were used to discharge marital debts. Therefore, we further modify the judgment by reducing the proceeds to be equitably distributed from the sale of lots 4, 6 and 8 to $19,778.

The court assigned a value of $3,250 and $2,250, respectively, to two race horses, to which defendant has title. Although both

parties refer to an appraisal of the horses, neither the appraisal nor the testimony of the appraiser was received in evidence. Because the value of defendant's interest in the horses is disputed, and the record is devoid of proof of value, it is necessary to remit the matter for the court to determine the value of defendant's interest. Therefore, we further modify the judgment to delete the values assigned to the race horses and remit the matter to Supreme Court to make a determination of those values.

The court failed to award child support and child care expenses retroactive to the date of defendant's application, which, in this case, is the date of defendant's answer (*see, Lester v Lester*, 237 AD2d 872). Because the record is insufficient for us to determine the amount of retroactive child support and child care expenses, the matter must be remitted to Supreme Court for that purpose as well.

We have reviewed the remaining contentions of the parties and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.—Equitable Distribution.) Present—Green, J. P., Pine, Lawton, Boehm and Fallon, JJ.