■ KIMBERLY A. COON, Respondent, v RICHARD W. COON, Appellant. [814 NYS2d 781]—

Spain, J. Appeal from an order of the Supreme Court (Hummel, J.), entered October 24, 2005 in Columbia County, which, inter alia, partially granted plaintiff's motion for certain pendente lite relief.

This is the second action for divorce between the parties, who were married in 1985 and have five children. In 2004, defendant commenced a divorce action (hereinafter the first action). While the first action was pending, plaintiff resided in the former marital residence and was awarded temporary custody of the children. Defendant resided in a single bedroom apartment, too small to accommodate the children. During that time period, Supreme Court issued a temporary order directing, among other things, that defendant pay $786 per week in child support, the carrying charges associated with the former marital residence, as well as other expenses. Defendant was also

prohibited from transferring or encumbering his business, First Fuel & Heating, Inc., the marital residence and the parties' rental properties. During the pendency of the first action, defendant was held in contempt for his willful failure to pay child support in accordance with the temporary order. Plaintiff contested the divorce and, after a trial, the first action ultimately was dismissed in December 2004 for lack of grounds.

Following the dismissal of the first action, defendant took out a home equity loan against the marital residence in the amount of $200,000. He also sold his business, First Fuel & Heating, to his parents for $290,000 after obtaining a fair market appraisal at that value. In June 2005, he used $71,000 of the proceeds of the sale of the business to purchase a home at the price of $250,000. At that point, according to defendant, the three youngest children—a son born in 1988 and twin sons born in 1991—began spending four nights a week at defendant's home.[1]

In July 2005, seven months after dismissal of the first action, plaintiff commenced this divorce action and, by order to show cause, immediately sought a finding of contempt against defendant for violating the terms of temporary orders issued in the first action by encumbering and transferring marital property, as well as other relief. Supreme Court (Connor, J.) ordered defendant to pay off the home equity mortgage on the marital residence, prohibited him from transferring or further encumbering that property and granted plaintiff $10,000 in interim counsel fees. On September 2, 2005, plaintiff then moved, on notice, for temporary maintenance, temporary child support for all five children, health insurance and additional interim counsel fees. Thirteen days later, by order to show cause, plaintiff moved—ex parte—for temporary custody of the parties' children and for an order directing defendant to pay the mortgage on the marital property, which was in default. Supreme Court (Hummel, J.), signed that ex parte order, dated September 15, 2005, granting physical custody of the two youngest children to plaintiff, pending the determination of her motion, and directing defendant to make all outstanding payments due on the mortgage on the marital residence and to continue to make timely mortgage payments. Defendant cross-moved for physical custody of the three boys.

In the October 2005 order from which defendant now appeals, Supreme Court denied plaintiff's motion to hold defendant in contempt based on his failure to comply with temporary

---

1. The two older children are daughters born in 1985 and 1987. They are attending college and the matter of their custody is not, at this juncture, in dispute.

orders issued in the first action, finding that those temporary orders were not continued following the dismissal of the first action. The court recognized, however, that plaintiff had appropriately been granted a judgment against defendant for unpaid child support that accrued during the pendency of the first action. The court also ordered defendant to continue to provide health insurance coverage for the family, to refrain from further encumbering or transferring the parties' real property, to pay off the home equity loan on the marital residence and to pay all carrying costs on the marital residence, totaling $37,375 per year. Those aspects of the court's order are not at issue in this appeal. The court, however, also awarded plaintiff temporary custody of all five children, $786 per week in temporary child support, retroactive to the commencement of this action, and $5,000 in counsel fees. It is these aspects of the pendente lite relief ordered by the court which defendant challenges on appeal.

We begin our consideration of defendant's objections by acknowledging that "modification of pendente lite awards rarely should be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires" (*Colley v Colley*, 200 AD2d 839, 839 [1994]). Typically, "the most appropriate remedy for any claimed inequity in a temporary award is a speedy trial" (*id.* at 840). Here, however, we are troubled that the award of temporary custody was made without first conducting an evidentiary hearing and without the benefit of a law guardian appointed to represent the children's interests. Moreover, the parties readily admit that Supreme Court's scheduling order for this action has been essentially ignored and, given the tangle of litigation that has already been woven, any chance at a speedy trial resulting in a final order seems dubious. Contrary to Supreme Court's conclusion, we find that defendant has set forth sufficient evidentiary allegations to warrant a determination of the issue of custody at this time. From the parties' submissions, it appears undisputed that defendant had enjoyed a significant amount of physical custody of the three boys in the summer of 2005 since moving from an apartment into his house. Contending that it is in the best interests of the boys, defendant wishes to continue that arrangement. The fact that all of the children resided with plaintiff during the pendency of the first action and that defendant, then residing in the small apartment, did not object to that arrangement is not dispositive of what is now in the best interests of the children. Accordingly, a hearing should be held—with findings of fact—to ensure that Supreme Court's temporary determination—now

seven months old—is in the best interests of the children (*see Femia v Femia*, 23 AD3d 1073, 1073 [2005]; *Colley v Colley, supra* at 840; *Robert C.R. v Victoria R.*, 143 AD2d 262, 264 [1988]; *cf. Matter of Houck v Garraway*, 293 AD2d 782, 784 [2002]).[2]

Although Supreme Court's resolution of the temporary custody issue may render defendant's challenge to his support obligation academic, we will address the support issue in the event that Supreme Court determines, after a hearing, to award temporary custody to plaintiff. Defendant contends that the court made several errors in computing child support which resulted in an obligation which exceeds his income thus constituting, according to defendant, an exigent circumstance warranting modification of the pendente lite order (*see Colley v Colley, supra* at 839). In the first action, Supreme Court calculated defendant's child support obligation by including the depreciation amount claimed by his business. In this action, although defendant transferred the business during the hiatus between the parties' divorce actions, the court imputed the corporate depreciation to defendant as income. Hence, on paper, defendant's court-ordered expenses exceed his reported income. A court, however, may impute income to a party "based upon former earnings or earning capacity where the court determines that a parent intentionally reduced his or her earnings for the purposes of mitigating or avoiding child support" (*Matter of Kelly v Bovee*, 9 AD3d 641, 642 [2004]; *see Spencer v Spencer*, 298 AD2d 680, 681 [2002]). Given the record evidence that, following the dismissal of the first divorce action, defendant sold his business, borrowed extensively and invested heavily in a new home, including the purchase of new furniture and the installation of an in-ground swimming pool, we will not interfere with Supreme Court's conclusion that defendant's claims of financial crisis, if sincere, are the product of his own actions. Under these circumstances, we find that Supreme Court did not abuse its considerable discretion in deciding to impute income to defendant at the level he enjoyed prior to the commencement of the first action (*see Matter of Kelly v Bovee, supra* at 642; *Bigler v Bigler*, 299 AD2d 435, 436 [2002]; *Spencer v Spencer,*

2. Defendant also contends that, in the absence of extraordinary circumstances, Supreme Court improperly awarded physical custody of the boys to plaintiff, ex parte (*see Matter of Nicotera v Nicotera*, 222 AD2d 892, 894 [1995]; *Kronenberger v Kronenberger*, 204 AD2d 1059, 1059 [1994]). Inasmuch as the court has revisited the issue and considered defendant's cross motion for custody, his objections to the ex parte order are moot (*see Matter of Nicotera v Nicotera, supra* at 894; *see also Matter of Gregio v Rifenburg*, 3 AD3d 830, 831 [2004]).

*supra* at 681; *Fendsack v Fendsack*, 290 AD2d 682, 683 [2002]; *Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [1994]).

We reject defendant's assertion that, even if the business had not been sold, it was error for Supreme Court to impute the corporate depreciation to him (*see Dane v Dane*, 260 AD2d 817, 818 [1999]; *Matter of Barber v Cahill*, 240 AD2d 887, 888-889 [1997]; *Matter of Westchester County Dept. of Social Servs. v Jose C.*, 204 AD2d 795, 797 [1994]). Defendant, formerly the sole owner of the business, fails to offer any support for his contention that, in this context of calculating temporary child support, the court erred in imputing the business's income to him without first piercing the corporate veil by showing that he used his control of the company to commit some fraud or wrongdoing. Further, although defendant may be correct that the amount of depreciation imputed to him as income improperly included some actual cash expenditures and out-of-pocket business expenses, we find the record insufficient at this point to make that determination. Indeed, we conclude that, given the court's findings that the "business income is subject to some fluctuation and considerable interpretation," the pendente lite child support award reflects Supreme Court's proper assessment of the reasonable needs of the parties against their financial circumstances at this time, and "[a]ny remaining inequity must await a trial where a more exacting appraisal of the parties' financial circumstances can be discerned" (*Sedlack v Sedlack*, 298 AD2d 691, 693 [2002]).

Defendant also quarrels with the fact that Supreme Court relied upon the parties' 2003 tax returns utilized in the first action, which are not part of the record in this action, rather than the 2004 returns. Although the court should have relied on the most recent tax returns available (*see* Domestic Relations Law § 240 [1-b] [b] [5]; *Fuchs v Fuchs*, 276 AD2d 868, 872 [2000]), defendant has not demonstrated any identifiable prejudice flowing from this error, at least not of the magnitude to warrant our interference with the interim order. Indeed, defendant concedes that his income has remained relatively unchanged for the past four years.

Next, we reject defendant's contention that Supreme Court was required to first calculate his support obligation and then reduce it by the carrying charges he is required to pay on the marital residence. "The proper procedure under these circumstances is to subtract the amount of the annual carrying charges from the parties' gross income before applying the statutory percentages," which is precisely what Supreme Court did in this case (*Ciaffone v Ciaffone*, 228 AD2d 949, 952 [1996]; *see Linda R.H. v Richard E.H.*, 205 AD2d 498, 500 [1994]).

We agree with defendant that the temporary child support arrears in this case should be calculated as retroactive only to the date of the underlying motion for temporary relief. An order for temporary support "shall . . . be effective as of the date of *the application thereof*" (Domestic Relations Law § 236 [B] [7] [a] [emphasis added]), which is distinguishable from the date in this action when the initial application for permanent support was made in the complaint (*see generally Koczaja v Koczaja*, 195 AD2d 693, 693-694 [1993], *lv denied* 83 NY2d 756 [1994]). Hence, defendant's arrears for temporary child support should be retroactive to September 2, 2005, when plaintiff moved for temporary relief, rather than July 26, 2005, when the action was commenced (*see* 1 Tippins, New York Matrimonial Law and Practice § 7:3, at 7-14 [2004]; *see also Creighton v Creighton*, 222 AD2d 740, 742 [1995]; *Khalily v Khalily*, 99 AD2d 482 [2d Dept 1984]).

Next, given the disparity in the parties' financial conditions as found by Supreme Court, we cannot agree with defendant that the court abused its discretion in awarding interim counsel fees to plaintiff (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Dane v Dane*, 260 AD2d 817, 818-819 [1999], *supra*). Finally, it is imperative that the original scheduling order be adhered to or that a new more effective scheduling order be made in order to bring this matter to a final disposition without further delay.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as made an award of temporary child support arrears; grant an award of said arrears retroactive only to September 2, 2005, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision including the appointment of a law guardian for the minor children and an immediate hearing on the issue of temporary custody and any necessary changes to the scheduling order in order to effect a final disposition without delay; and, as so modified, affirmed.