█ HOLLY B. CHENEY, Appellant, v EDWARD B. CHENEY, Respondent. [927 NYS2d 696]—

Garry, J.

Plaintiff and defendant were married in 1997 and have two children (born in 2000 and 2002). During the marriage, defendant was the primary wage earner, while plaintiff cared for the children and worked occasionally in part-time positions. The

parties separated in January 2009 and defendant moved out of the marital residence. In June 2009, Montgomery County Family Court issued an order of child support and maintenance (hereinafter the support order), upon the parties' consent, directing defendant to pay plaintiff $1,600 per month in child support and $1,500 in maintenance, provide health insurance coverage for plaintiff and the children and pay all unreimbursed medical expenses.

Plaintiff commenced this divorce action against defendant shortly thereafter and, in February 2010, moved for pendente lite relief seeking increased temporary maintenance and child support, counsel fees, expert witness fees, a determination as to whether defendant's enhanced earning capacity is subject to equitable distribution, exclusive possession of the marital residence and an order directing defendant to make payments necessary to protect and preserve the residence. The parties waived oral argument upon this application. In April 2010, while the motion was pending, defendant cross-moved for pendente lite relief, seeking, among other things, a downward modification of the support order on the ground that he had been terminated from his job. During the pendency of this cross motion, Supreme Court temporarily suspended all maintenance payments, reduced defendant's child support obligation, and directed plaintiff to provide health insurance for the children, pay a pro rata share of all unreimbursed medical expenses, and pay her own medical expenses. In opposition, plaintiff asserted that defendant was still earning income and requested a hearing on the issue of changed circumstances. In August 2010, without conducting a hearing, the court issued a determination partially granting both motions. Upon the cross motion, the court reinstated defendant's child support obligation under the support order, continued the suspension of maintenance payments, continued the temporary provisions relative to health insurance and medical costs, and directed plaintiff to pay the carrying charges on the marital residence, while allowing her to seek reallocation at the time of trial. Upon plaintiff's motion, the court denied her requests for counsel fees and expert witness fees, declined to make a determination as to defendant's enhanced earning capacity, and granted her request for exclusive occupancy of the marital residence. Plaintiff sought reargument and renewal, and the court denied the motion. Plaintiff appeals.

This Court does not generally modify pendente lite awards, as the best remedy for any claimed inequities is ordinarily a speedy trial (*see Quarty v Quarty*, 74 AD3d 1516, 1516-1517 [2010]; *Coon v Coon*, 29 AD3d 1106, 1109 [2006]). However, such awards

may be modified when exigent circumstances are shown, such as when "a party is unable to meet his or her financial obligations or justice otherwise requires" (*Colley v Colley*, 200 AD2d 839, 839 [1994]; *accord Coon v Coon*, 29 AD3d at 1109). We find that such exigent circumstances have been demonstrated here, and that modification is required.[1]

As the party seeking modification of the existing support order, defendant bore the burden of establishing a substantial change in circumstances upon his cross motion (*see* Domestic Relations Law § 236 [B] [9] [b]; *Cynoske v Cynoske*, 8 AD3d 720, 722 [2004]). A substantial change in circumstances may be shown when, despite diligent efforts, a party fails to find new employment after a job loss (*see Matter of Silver v Reiss*, 74 AD3d 1441, 1442 [2010]; *Matter of Freedman v Horike*, 26 AD3d 680, 682 [2006]; *see also Jelfo v Jelfo*, 81 AD3d 1255, 1257 [2011]). Here, defendant sought downward modification of the support order immediately upon losing his job.[2] He did not allege that he had made any efforts to seek work, but merely asserted that he was "uncertain" whether or when he would be able to find new employment. This allegation was insufficient and, thus, defendant did not establish that he was entitled to modification of the support order (*see Matter of Freedman v Horike*, 26 AD3d at 682; *Nichols v Nichols*, 19 AD3d 775, 779 [2005]).

Further, even if defendant had met this threshold requirement, his cross motion should not have been summarily granted. The parties had apparently agreed to have plaintiff's motion determined on the papers; as to the cross motion, however, plaintiff requested a hearing and asserted that defendant was continuing to work for his previous employer on a per diem basis and was earning income from other sources.[3] These allegations were sufficient to establish the existence of factual issues entitling plaintiff to a hearing (*see McMillen v Miller*, 15 AD3d 814, 816 [2005]; *Kayemba v Kayemba*, 309 AD2d 1045, 1046-1047 [2003]).

In assessing an application for pendente lite relief, "this Court's authority is as broad as that of the Supreme Court, and

1. The record demonstrates that plaintiff was dependent on payments under the support order to meet the discrepancy between her part-time income of $440 per month and monthly expenses for herself and the children of $4,868.05, and that she was forced to apply for public assistance and food stamps after maintenance was suspended and child support was reduced.

2. His affidavit in support of the cross motion was dated on the same day that he alleged the termination became effective.

3. At a June 2010 examination before trial, defendant conceded these allegations in part.

it may substitute a discretionary determination for that of the Supreme Court" (*Quarty v Quarty*, 74 AD3d at 1517 [internal quotation marks, citation and brackets omitted]). At this point, the divorce action has been pending for almost two years, and remittal for an evidentiary hearing is inappropriate. We therefore exercise our discretion to deny defendant's cross motion and restore the parties to the positions that they had agreed to under the support order, by directing defendant to pay plaintiff the suspended maintenance payments owed under the support order as well as the difference between the child support payments required by the support order and the reduced amounts defendant paid between April 2010 and August 2010. Defendant is further directed to reimburse plaintiff for any other expenditures made pursuant to the determination on the cross motion that exceeded those she would have owed under the support order, including payments for the carrying charges on the marital residence, the children's health insurance and unreimbursed medical expenses, and her own medical costs. The appropriate remedy for any inequity that may result from this disposition at this stage in the litigation is, as previously noted, a speedy trial (*see Colley v Colley*, 200 AD2d at 840).

Plaintiff next contends that Supreme Court erred in denying her request for increased maintenance and child support. However, like defendant, plaintiff was required to support her request for modification of the support order with a showing of a substantial change in circumstances (*see* Domestic Relations Law § 236 [B] [9] [b]; *Cynoske v Cynoske*, 8 AD3d at 722). She did not do so, but merely claimed that the support order, to which she had agreed, was inadequate to meet her needs. Accordingly, this request was properly denied. Further, the court did not err in denying plaintiff's request for interim counsel fees. Such fees may be awarded " 'to enable [a] spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties' " (*Johnson v Chapin*, 12 NY3d 461, 467 [2009], quoting Domestic Relations Law § 237 [a]; *accord Lang v Lang*, 72 AD3d 1255, 1256 [2010]). Plaintiff has not yet expended any funds for counsel fees in the litigation because her father, an attorney, is representing her without payment. Notably, although plaintiff's counsel asserted that he does expect to be paid in full for his services in the future, the court's determination was made without prejudice to renewal at the time of trial, and does not foreclose such an award. We find no abuse of discretion in this determination.

We also reject plaintiff's assertion that Supreme Court should

have granted her request for a determination that certain certifications that defendant acquired during the marriage had enhanced his earning capacity and were therefore marital assets subject to equitable distribution (see Domestic Relations Law § 236 [B] [1] [c]; [5] [c]; *O'Brien v O'Brien*, 66 NY2d 576, 586-587 [1985]; *Farrell v Cleary-Farrell*, 306 AD2d 597, 598 [2003]). In support of this claim, plaintiff submitted a transcript of defendant's examination before trial, in which he testified that while working for his employer between 1999 and 2010, he underwent training in the use of various pieces of software that resulted in certifications enabling him to carry out his work as a trainer for businesses using the software in question. As a result of this training, defendant also acquired a New York State teaching license certifying him to teach in certain proprietary schools. Teaching degrees and licenses have been held to constitute marital property (see *Brough v Brough*, 285 AD2d 913, 914 [2001]; *Lapham v Ruflin*, 241 AD2d 969, 970 [1997]). However, defendant testified that he does not have an Associate's or Bachelor's degree and is not qualified to teach in traditional academic settings or in all proprietary schools. Instead, he testified that his license limits him to teaching in a narrow category of "school[s] that [are] in business to make money . . . teaching, basically, I guess, career changers." He was uncertain as to when he had acquired the teaching license, which state agency had issued it and whether it was permanent or provisional. Moreover, defendant testified that his software certifications lost their value whenever new versions of the software in question were issued and required constant renewal. We agree with Supreme Court that the information was insufficient to permit a determination as a matter of law whether defendant's certifications and teaching license enhanced his earning capacity (compare *Halaby v Halaby*, 289 AD2d 657, 659-660 [2001]). Accordingly, this request was properly denied without prejudice to later renewal.

However, we disagree with Supreme Court's denial of plaintiff's request for expert witness fees to assist in the determination of this question.[4] The factual determination whether, and by how much, a degree, license, or professional training has enhanced a spouse's earning capacity is routinely facilitated by expert analysis (see e.g. *Litman v Litman*, 61 NY2d 918, 920 [1984]; *Evans v Evans*, 55 AD3d 1079, 1080 [2008]; *Farrell v Cleary-Farrell*, 306 AD2d at 598). The assistance of such an expert would plainly be helpful here, and the record demon-

---

4. Our discretionary authority in assessing this request is as broad as that of the trial court (see *O'Brien v O'Brien*, 66 NY2d at 590).

strates the substantial financial disparity between the parties and plaintiff's lack of resources for this purpose. Moreover, plaintiff supported her application with specific information identifying the expert she intends to retain, the nature of the services to be provided and the anticipated cost (*compare Covington v Covington*, 249 AD2d 735, 735 [1998]). Accordingly, we find that plaintiff is entitled to an award of $1,500 for this purpose (*see Litman v Litman*, 61 NY2d at 920; *McGarrity v McGarrity*, 49 AD3d 824, 825-826 [2008]).

Finally, we reject plaintiff's contention that Supreme Court erred in denying her motion for reargument and renewal. First, "no appeal lies from the denial of a motion to reargue" (*Brown v Reinauer Transp. Cos., LLC*, 67 AD3d 106, 109 n 1 [2009], *lv dismissed and denied* 14 NY3d 823 [2010]; *see Matter of Biasutto v Biasutto*, 75 AD3d 671, 672 [2010]). Plaintiff did not support her application for renewal with new factual information, nor did she provide a reasonable justification for failing to bring such facts to Supreme Court's attention on the initial motion (*see* CPLR 2221 [e]; *JPMorgan Chase Bank, N.A. v Malarkey*, 65 AD3d 718, 719-720 [2009]). Accordingly, the motion for renewal was properly denied.

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order entered August 16, 2010 is modified, on the law and the facts, without costs, by reversing so much thereof as denied that part of plaintiff's motion that requested expert witness fees and granted defendant's cross motion for pendente lite relief; plaintiff's motion granted to said extent, defendant's cross motion denied, and defendant is directed to pay plaintiff $1,500 in expert witness fees and all amounts owed and unpaid under the June 16, 2009 amended order of support and maintenance of the Family Court of Montgomery County; and, as so modified, affirmed. Ordered that the order entered December 15, 2010 is affirmed, without costs.