Order, Supreme Court, Bronx County (Nelida Malave *455 Gonzalez, J.), entered October 19, 2012, which awarded plaintiff $868.66 biweekly in temporary maintenance, and denied plaintiffs request for counsel and appraisal fees, unanimously reversed, on the law, without costs, the award of temporary maintenance vacated, and the matter remanded for a reconsideration of the award in light of the directives of Domestic Relations Law § 236 (B) (5-a), and for a reconsideration of the request for counsel and appraisal fees.
To determine temporary maintenance, the motion court had to apply Domestic Relations Law § 236 (B) (5-a), which had become effective on October 12, 2010. While the motion court properly followed the calculations provided in that section to arrive at a presumptive award of temporary maintenance, it did not address the fact that defendant was paying the carrying costs on the marital residence, where both parties still reside, and that plaintiff specifically requested an order directing that defendant continue to pay those costs, as well as her unreimbursed medical expenses (see Khaira v Khaira, 93 AD3d 194, 197 [1st Dept 2012]; Woodford v Woodford, 100 AD3d 875, 877 [2d Dept 2012]; see also H.G. v N.K., 40 Misc 3d 1242[A], 2013 NY Slip Op 51529[U] [Sup Ct, Kings County 2013]). Significantly, this Court has viewed the “formula adopted by the new maintenance provision as covering all the spouse’s basic living expenses, including housing costs” (Khaira, 93 AD3d at 200). Accordingly, we vacate the award and remand the matter for a reconsideration of the award in light of the directives of Domestic Relations Law § 236 (B) (5-a).
We note that in reconsidering the award of temporary maintenance, the motion court should consider the payment of these carrying costs on the marital residence, half of which should be credited to defendant in calculating the award. The court should also articulate any other factors it may consider in deviating from the presumptive award, including plaintiffs medical condition and her inability to work. Any award of maintenance should be made effective as of the date of application (see Domestic Relations Law § 236 [B] [6] [a]; Nacos v Nacos, 96 AD3d 579 [1st Dept 2012]; H.K. v J.K., 32 Misc 3d 1226[A], 2011 NY Slip Op 51429[U], *6 n 4 [Sup Ct, NY County 2011]).
Given the rebuttable presumption that counsel fees shall be awarded to the less monied spouse (Domestic Relations Law § 237), we also remand for a reconsideration of plaintiff’s request for counsel and appraisal fees. The motion court’s denial of those requests was based on the now vacated award and a mathematical error in the calculation of the parties’ respective incomes following the award of temporary maintenance. *456 Concur — Andrias, J.E, Acosta, Saxe, Renwick and ManzanetDaniels, JJ.