Rose, J.
Appeal from an order of the Supreme Court (Clark, J.), entered July 15, 2013 in Schenectady County, which partially granted plaintiffs motion for, among other things, an award of temporary child support and maintenance.
The parties were married in 1979, they separated in 1996 and this action was commenced in 2012. There are four children of the marriage, all but one of whom are emancipated. Plaintiff (hereinafter the wife) has not been employed since the birth of the parties’ first child in 1984, and defendant (hereinafter the husband) is a cardiologist with a history of earning $480,000 annually. Since the entry of an order of Family Court (Reilly Jr., J.) in 2000, the husband has paid the wife $1,057 biweekly for spousal maintenance and $3,573.04 biweekly for child support, totaling just over $10,000 monthly. After commencing this action, the wife moved for temporary maintenance and child support, seeking a total of approximately $14,000 monthly. She also sought $15,000 in interim counsel fees and the full amount of her business valuation expert’s retainer fee.
Supreme Court acknowledged the presumptive amount of temporary maintenance that the wife was entitled to pursuant to Domestic Relations Law § 236 (B) (5-a) (c), but concluded *1130 that the parties’ circumstances warranted an interim award to be paid in the same manner and amount as set forth in the 2000 order. The court noted that the husband had continued to pay the child support amount included in the 2000 order despite the emancipation of three of the children. The court also considered the husband’s other contributions to the support of the family, the respective financial conditions of both parties and the wife’s reasonable needs. Given the wife’s substantial assets, the court also declined to award her interim counsel fees “at this juncture,” and ordered that the husband pay one half of the retainer fee for the wife’s expert. She now appeals.*
Generally, the appropriate remedy for any claimed inequity in a temporary award is a speedy trial, and we will only modify such an award where it results in a party’s inability to meet reasonable expenses during the pendency of the matrimonial action (see Cheney v Cheney, 86 AD3d 833, 834-835 [2011]; Quarty v Quarty, 74 AD3d 1516, 1516-1517 [2010]; Coon v Coon, 29 AD3d 1106, 1109 [2006]). That clearly is not the case here. Even a cursory examination of the parties’ respective financial circumstances reveals that the wife is able to meet her reasonable expenses with the amount she has been receiving pursuant to the 2000 order. In our view, Supreme Court adequately set forth its basis for deviating from the presumptive amount of temporary maintenance (see Domestic Relations Law § 236 [B] [5-a] [e] [2]). Further, the court did not abuse its discretion by finding that the presumption in favor of interim counsel fees was rebutted here or ordering that the fee for the wife’s expert witness be shared equally (see Domestic Relations Law § 237 [a]). The wife’s remaining contentions have been considered and determined to be without merit.
Peters, PJ., Stein and Egan Jr., JJ, concur. Ordered that the order is affirmed, without costs.

 Although the wife contends that the order improperly converted the nontaxable child support she received under the prior order into taxable maintenance, we read the order as requiring the husband to adhere to the same breakdown of payments as set forth in the prior order and the husband has agreed that he would do so for tax purposes.