■ HELEN LI-CHUAN C. SU, Respondent, v GLEN C. SU, Appellant. [11 NYS3d 611]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Goodstein, J.), entered July 24, 2014, as granted that branch of his motion which was for an award of pendente lite maintenance only to the extent of awarding him the sum of $200 per month.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action for a divorce and ancillary relief. The defendant moved for pendente lite relief seeking, inter alia, temporary spousal maintenance in the sum of $4,500.15 per month and to compel the plaintiff to pay all of the carrying costs associated with the marital residence, where both he and the plaintiff continue to reside. In an order entered July 24, 2014, the Supreme Court, inter alia, directed the plaintiff to pay 100% of the carrying costs associated with the marital residence, totaling $5,003 per month. The court also calculated the defendant's presumptive award of temporary maintenance to be $2,057 per month, but found that "it would be unjust and inappropriate" to direct the plaintiff to pay all of the carrying costs associated with the marital residence plus the presumptive award of temporary maintenance. Therefore, the court downwardly deviated from that presumptive award of temporary maintenance, and awarded the defendant the sum of $200 per month. The defendant appeals, contending that the Supreme Court erred in its method of calculating the presumptive award of temporary maintenance and in awarding him the sum of only $200 per month.

Domestic Relations Law § 236 (B) (5-a) (c) sets forth the formula a court must use to determine the presumptively correct amount of temporary spousal maintenance (see Woodford v Woodford, 100 AD3d 875, 876-877 [2012]). "A court may deviate from the presumptive award of temporary maintenance if that presumptive award is 'unjust or inappropriate' " (Chusid v Silvera, 110 AD3d 660, 661 [2013], quoting Domestic Relations

Law § 236 [B] [5-a] [e] [2]). "Under such circumstances the court must 'set forth, in a written order, the amount of the unadjusted presumptive award of temporary maintenance, the factors it considered, and the reasons that the court adjusted the presumptive award of temporary maintenance' " (*Davydova v Sasonov*, 109 AD3d 955, 956 [2013], quoting Domestic Relations Law § 236 [B] [5-a] [e] [2]). An appellate court should rarely modify a pendente lite award, and then " 'only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires' " (*Malik v Malik*, 66 AD3d 968, 968 [2009], quoting *Levakis v Levakis*, 7 AD3d 678, 678 [2004]).

Here, the Supreme Court's calculation of the presumptive award of temporary maintenance was erroneous. In performing the calculation required by Domestic Relations Law § 236 (B) (5-a), a court must begin with the parties' gross income as reflected in their most recent federal tax returns, less, among other things, "federal insurance contributions act (FICA) taxes actually paid" (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]; *see Khaira v Khaira*, 93 AD3d 194, 197 [2012]; *see also Lennox v Weberman*, 109 AD3d 703, 703 [2013]; Domestic Relations Law §§ 240 [1-b] [b] [5] [i]; 236 [B] [5-a] [b] [4]). Here, in performing the calculation required by Domestic Relations Law § 236 (B) (5-a), the court erroneously used the plaintiff's anticipated gross income for 2014, which the court found to be $118,066, rather than the plaintiff's gross income as reported on her 2013 federal income tax return, which was $131,121.49 (*see Khaira v Khaira*, 93 AD3d at 197).

However, in light of the Supreme Court's appropriate and significant downward deviation from any presumptive award of temporary maintenance, this error does not require reversal. "The formula to determine temporary spousal maintenance that is outlined in Domestic Relations Law § 236 (B) (5-a) (c) is intended to cover all of the payee spouse's basic living expenses, including housing costs, the costs of food and clothing, and other usual expenses" (*Vistocco v Jardine*, 116 AD3d 842, 843 [2014]; *see Woodford v Woodford*, 100 AD3d 875, 877 [2012]; *Khaira v Khaira*, 93 AD3d 194 [2012]). In addition, where both parties continue to reside in the marital residence and one party is ordered to pay the carrying costs, the payor spouse may be credited with half those costs (*see Francis v Francis*, 111 AD3d 454, 455 [2013]). Here, nearly all of the defendant's basic living expenses which would be included in the presumptive award of temporary maintenance will already be paid by so much of the order as directed the plaintiff to pay 100% of

the carrying costs associated with the marital residence, as the court calculated these carrying costs to include the monthly costs for the mortgage, gas, electricity, telephone, water, groceries, home entertainment, household repairs, appliances, laundry, gardening/landscaping, and snow removal. Moreover, the defendant failed to demonstrate that the pendente lite award of $200 per month has left him unable to meet his financial obligations (*see Fini v Fini*, 107 AD3d 758 [2013]; *Maksoud v Maksoud*, 71 AD3d 643, 644 [2010]). Under these circumstances, the Supreme Court properly concluded that it would be unjust and inappropriate for the plaintiff to pay all of the monthly carrying charges on the marital residence plus the presumptive award of pendente lite maintenance, and appropriately downwardly deviated from the presumptive award of temporary maintenance to award the defendant the sum of $200 per month. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.