Lynch, J.
 

 Appeal from an order of the Supreme Court (Mulvey, J.), entered January 7, 2016 in Tompkins County, which, among other things, partially denied defendant’s motion for pendente lite relief.
 

 Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 1995 and have three children, one of whom is unemancipated. The husband commenced this action for a divorce in 2015. The wife moved for certain pendente lite relief, including temporary maintenance. Both parties continued to reside in the marital residence. Supreme Court ordered the husband to continue paying certain monthly household expenses and to pay the wife an additional $2,500 per month. The wife now appeals.
 

 The Domestic Relations Law was amended in 2010 to establish a formula for calculating temporary maintenance awards (see L 2010, ch 371, § 1). The amendment “ereate[d] a substantial presumptive entitlement” intended “to provide ‘consistency and predictability in calculating temporary spousal maintenance awards’ ” (Khaira v Khaira, 93 AD3d 194, 197 [2012], quoting Assembly Mem in Support, 2010 McKinney’s Session Laws of NY at 1943). Where, as here, the payor’s income exceeds the statutory cap, the court must first calculate the amount payable pursuant to the formula set forth in Domestic Relations Law § 236 (B) (5-a) and then “determinfe] whether and to what extent to apply the statutory formula to the payor spouse’s income in excess of the income cap . . . [by] considering] 18 specific enumerated factors, as well as any other factor which the court shall expressly find to be just and proper” (Goncalves v Goncalves, 105 AD3d 901, 902 [2013] [internal quotation marks and citation omitted]). Generally, we decline to modify pendente lite awards because a prompt trial is the more appropriate and efficient remedy to correct an inequitable temporary award (see Jordan v Jordan, 114 AD3d 1129, 1130 [2014]; Quarty v Quarty, 74 AD3d 1516, 1516-1517 [2010]). However, a temporary award may be modified when exigent circumstances are shown, such as when “a party is unable to meet his or her financial obligations or justice otherwise requires” (Cheney v Cheney, 86 AD3d 833, 834-835 [2011] [internal quotation marks and citation omitted]).
 

 The husband earns substantially more money than the wife. After determining that the husband’s income exceeded the statutory cap, Supreme Court determined that the presumptive amount of temporary maintenance payable to the wife was $160,331, or $13,361 per month.
 
 [1]
 
 The court thereafter ordered the husband to continue to pay the monthly household expenses, totaling $15,415.
 
 [2]
 
 Further, with respect to that income in excess of $543,000, the court referenced its ability to award additional temporary maintenance; based on the length of the marriage and the disparity between the parties’ incomes, and to provide “additional funds for the [wife] to meet the standard of living enjoyed during the marriage,” the court directed the husband to pay an additional $2,500 each month to the wife.
 

 The parties do not challenge Supreme Court’s calculation of the presumptive award of $13,361. Rather, the wife contends that Supreme Court erred by completely offsetting the presumptive award by the husband’s payment of the household expenses. Since the husband continues to reside in the marital residence, the wife maintains that he should be permitted to offset no more than 50% of the household expenses against the presumptive amount of temporary maintenance. In effect, according to the wife, the husband is paying $10,207.50 each month (i.e., 50% of the carrying charges plus $2,500), which is less than the presumptive amount provided by the statutory formula.
 

 Under the circumstances, we find that justice requires a modification to allow the wife to receive the properly calculated presumptive share of maintenance. It is apparent that Supreme Court believed it was appropriate to award temporary maintenance in excess of the statutory cap, and the submissions provide ample support for this conclusion. Where, as here, the parties continue to reside together in the marital residence during the pendency of a divorce, we find that it is appropriate to credit the payor spouse with one half of the court-ordered carrying charges (see Su v Su, 128 AD3d 949, 950 [2015]; Francis v Francis, 111 AD3d 454, 455 [2013]). Correspondingly, the presumptive amount of temporary maintenance should only be offset by the amount that is credited to the payor spouse. By applying 100% of the carrying charges against the presumptive amount, Supreme Court effectively negated the presumptive amount, a result that was neither intended nor supported by a finding that the presumptive amount was unjust or inappropriate. There is no suggestion that the husband is unable to fulfill the parties’ financial obligations as set forth on their respective statements of net worth or to pay the presumptive amount. As such, we find that the wife is entitled to the presumptive award of $13,361 each month, plus $2,500 for the amount of the husband’s income above the statutory cap, offset by one half of the household expenses, or a credit in the amount of $7,707.50 each month. Accordingly, in addition to the defined household expenses, the monthly amount payable by the husband to the wife as temporary maintenance should be increased by $5,654, for a total of $8,154.
 

 McCarthy, J.P., Clark, Aarons and Pritzker, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by awarding defendant a monthly payment of temporary maintenance totaling $8,154, and, as so modified, affirmed.
 

 [1]
 

 . Effective October 25, 2015, the statutory cap was reduced from $543,000 to $175,000 (see L 2015, ch 269, § 3).
 

 [2]
 

 . On her statement of net worth, the wife claimed total monthly expenses in excess of $54,000. The “household” expenses awarded here include the carrying charges for the marital residence and condominium in Beaver Creek, Colorado, in addition to amounts for health insurance, gardening and snow removal, lawn care, a nanny, a cleaning service and car loan payments.