Mulvey, J.
 

 Appeal from an order of the Supreme Court (Work, J.), entered April 8, 2016 in Sullivan County, which, among other things, granted plaintiff’s motion for pendente lite relief.
 

 Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1993 and have two children (born in 1997 and 1999). After the husband departed the marital residence, the wife commenced this action for divorce in August 2014 and the husband counterclaimed for divorce. In September 2015, the wife moved by order to show cause seeking, among other things, temporary maintenance, temporary child support and counsel fees. Supreme Court granted the wife, among other things, temporary maintenance ($1,958 per month) and child support ($2,720 per month) and required the husband to pay for the carrying costs and upkeep of the marital home ($4,859 per month), private school for the youngest child ($848 per month), health insurance for the family ($1,921 per month), interim counsel fees ($10,000) and the wife’s vehicle and fuel costs ($644 per month). The husband now appeals.
 

 Initially, the husband contends that the temporary maintenance and child support awards, in combination with the requirement that he pay the carrying costs for the marital home and the expenses related to the wife’s vehicle, are excessive and should be reduced. “Generally, the appropriate remedy for any claimed inequity in a temporary award is a speedy trial, and we will only modify such an award where it results in a party’s inability to meet reasonable expenses during the pendency of the matrimonial action” (Jordan v Jordan, 114 AD3d 1129, 1130 [2014] [citations omitted]; see Galvin v Galvin, 154 AD3d 1141, 1142 [2017]). The parties have advised this Court that the trial in this matter commenced in October 2017, but that a final decision is not expected for several months. We would ordinarily defer ruling on pendente lite relief under these circumstances, permitting the husband to raise these claims at trial (see Giannuzzi v Kearney, 127 AD3d 1350, 1351 [2015]). However, given that Supreme Court’s combined monthly awards amount to an annual award of $155,400 plus $10,000 in interim counsel fees, to be paid from the husband’s annual gross income of $183,300.50 (for purposes of maintenance) as calculated by the court based upon his 2013 tax return, we agree that the temporary awards are excessive and should be modified.
 

 In calculating the temporary maintenance award, Supreme Court applied the statutory formula (see Domestic Relations Law § 236 [B] [5-a] [c] [1]), which “created a substantial presumptive entitlement intended to provide consistency and predictability in calculating temporary spousal maintenance awards” (Galvin v Galvin, 154 AD3d at 1142 [internal quotation marks, brackets and citations omitted]). Using the husband’s 2013 gross income of $183,300.50
 
 [1]
 
 and the wife’s income of $11,700, the court arrived at a presumptive monthly temporary maintenance amount of $4,387.50. However, with regard to the marital home, the wife was awarded exclusive use and possession and resides there with the younger child; the older child also resides there when home from college. The wife also requested, on top of the presumptive maintenance award, that the husband pay $4,859 per month for the home’s carrying costs, including the mortgage, taxes, utilities, insurance and upkeep. The court recognized that it would not be equitable to require the husband to pay full maintenance, child support and all carrying costs on the marital home, so it essentially credited the husband for one half of the carrying costs on the home ($2,429.50 per month) by reducing the presumptive maintenance award by that amount, resulting in a temporary maintenance award of $1,958 per month. Supreme Court then also ordered the husband to pay the full monthly carrying costs on the home ($4,859) in which he does not reside (compare Galvin v Galvin, 154 AD3d at 1143 [“Where, as here, the parties continue to reside together in the marital residence during the pendency of a divorce, we find that it is appropriate to credit the payor spouse with one half of the court-ordered carrying charges”]; Francis v Francis, 111 AD3d 454, 455 [2013]). When the wife’s vehicle expenses are added ($644 per month), this results in a total combined monthly award of $7,461, plus tuition ($848 per month) and child support, discussed below.
 

 The net effect of Supreme Court’s order is that the husband is paying the full presumptive maintenance award plus one half of the carrying costs on the home and the wife’s vehicle expenses. He objects, correctly arguing that the statutory formula used to calculate the presumptive temporary maintenance award was intended to cover all of the nonmonied spouse’s needs and basic living expenses, including the carrying charges on the home and her vehicle expenses (see Su v Su, 128 AD3d 949, 950 [2015]; Woodford v Woodford, 100 AD3d 875, 877 [2012]; Khaira v Khaira, 93 AD3d 194, 200 [2012]). To that end, it has been recognized that “[t]he formula to determine temporary spousal maintenance that is outlined in Domestic Relations Law § 236 (B) (5-a) (c) is intended to cover all of the payee spouse’s basic living expenses, including housing costs, the costs of food and clothing, and other usual expenses” (Su v Su, 128 AD3d at 950 [internal quotation marks and citations omitted; emphases added]). The court recognized this, noting that “[t]he cost of maintaining a home for the wife and children is factored into the maintenance and child support guidelines” (emphasis added), but then declined, without adequate explanation, to require the wife to pay any of those household expenses from the maintenance award. In addition, the court ordered the husband, who no longer had family health coverage from his prior elective office, to obtain and pay the full amount of “equivalent coverage,” which was estimated to cost $23,052 per year, or $1,921 monthly, and apportioned an incorrect pro rata share of unreimbursed medical expenses.
 
 [2]
 
 The husband was also ordered to pay the entire cost of the younger child’s private school tuition.
 
 [3]
 

 Under these circumstances, while requiring the husband to pay a portion of the housing costs may have been appropriate, Supreme Court should have discussed why the presumptive award of temporary maintenance was “unjust or inappropriate” and the factors it considered. To that end, the court did not explain its reasons for substantially upwardly deviating from the presumptive maintenance award or the basis for requiring the husband to pay the add-on living expenses and half of the housing expenses on top of the guideline amount (see Domestic Relations Law § 236 [B] [5-a] [h] [2]; Su v Su, 128 AD3d at 949-950; Khaira v Khaira, 93 AD3d at 197-200).
 
 [4]
 

 In the exercise of our discretion, which “ ‘is as broad as that of the Supreme Court’ ” (Cummins v Lune, 151 AD3d 1258, 1260 [2017], quoting Cheney v Cheney, 86 AD3d 833, 835-836 [2011]), we find that the combined award for maintenance, carrying costs and the expenses of the wife’s vehicle ($7,461 per month)—which is $3,073.50 per month in excess of the presumptive maintenance award ($4,387.50 per month) (without considering health insurance costs, child support or tuition)—is excessive.
 
 [5]
 
 Accordingly, we deem it appropriate to reduce the husband’s obligation to pay the carrying costs on the marital home by approximately one half of that excess amount, or $1,540 per month, to $3,319 per month.
 
 [6]
 
 The temporary maintenance award of $1,958 is not changed.
 

 With regard to the temporary child support award, Supreme Court miscalculated the parties’ pro rata shares of child support. The court calculated a combined parental income of $195,000, based upon the husband’s annual income of $130,650 (after maintenance is deducted) and computed the wife’s annual income at $64,350 (with maintenance included). The husband’s correct pro rata share is 67% and the wife’s share is 33%. Further, the court incorrectly calculated the child support obligations by (1) failing to deduct FICA taxes from the parties’ combined income as required (see Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]; Shamp v Shamp, 133 AD3d 1213, 1216 [2015]), (2) erroneously calculating the basic child support obligation by applying the parties’ (incorrect) pro rata shares to the entire combined parental income, without first multiplying it by the statutory percentage (25% for two children) (see Domestic Relations Law § 240 [1-b] [b] [3] [ii]; [c] [2]), and (3) failing to indicate, with regard to the amount of combined parental income in excess of the statutory cap ($141,000) (see Social Services Law § 111-i [2] [b]), if it would apply the statutory factors or the child support percentage (see Domestic Relations Law § 240 [1-b] [c] [3]; [f]). Accordingly, the matter must be remitted for immediate recalculation of the husband’s temporary child support obligation. Given that the matter has proceeded to trial and only the pendente lite award is before us on appeal, we decline to further modify that award. Finally, we note that the excess payments made by the husband under the court’s temporary order may be considered at trial “in appropriately adjusting the equitable distribution award” (Giannuzzi v Kearney, 127 AD3d at 1351 [internal quotation marks and citation omitted]).
 

 Egan Jr., J.R, Rose, Devine and Rumsey, JJ., concur.
 

 Ordered that the order is modified, on the law and the facts, without costs, by (1) reducing defendant’s obligation to pay pendente lite carrying costs on the marital home to $3,319 per month and (2) reversing the child support award; matter remitted to the Supreme Court for recalculation of the child support award in a manner not inconsistent with this Court’s decision, with said recalculation to occur within 20 days of the date of this decision, and, in the interim, the child support obligation shall continue until further order of the Supreme Court; and, as so modified, affirmed.
 

 [1]
 

 . The husband’s 2013 tax returns were apparently used by Supreme Court but are not in the record on appeal. The husband’s contention that the court erred in imputing one half of the income that he made from his former elected position need not be addressed by this Court at this early, pendente relief juncture.
 

 [2]
 

 . Supreme Court ordered the wife to pay 27% and the husband to pay 63% of the unreimbursed medical expenses, presumably with regard to the children. That ratio, an apparent typographical error, does not equal 100%.
 

 [3]
 

 . Supreme Court deferred a determination until trial as to the parties’ obligations for the older child’s college expenses.
 

 [4]
 

 . As the First Department observed, “[n]o language in either the new temporary maintenance provision or the [Child Support Standards Act] specifically addresses whether the statutory formulas are intended to include the portion of the carrying costs of their residence attributable to the nonmonied spouse and the children. . . . But, in the absence of a specific reference to the carrying charges for the marital residence, we consider it reasonable and logical to view the formula adopted by the new maintenance provision as covering all the spouse’s basic living expenses, including housing costs as well as the costs of food and clothing and other usual expenses” (Khaira v Khaira, 93 AD3d at 200 [emphases added]).
 

 [5]
 

 . The presumptive maintenance award is $4,387.50 per month. Supreme Court’s combined monthly awards total $7,461, arrived at by adding the carrying costs ($4,859), maintenance ($1,958) and vehicle and fuel costs ($644).
 

 [6]
 

 . The total requested carrying costs of $4,859, which Supreme Court had ordered the husband to pay, included $1,168 for “household upkeep.” The court’s order directed that, if the husband did not spend all of the upkeep amount in a given month, he was required to deposit the excess funds into an account for future upkeep and, if not used for upkeep, any remaining balance “shall be returned to the wife when the house is sold.” Nothing in this decision should be interpreted as changing the court’s order that the husband is obligated to pay the monthly excess upkeep amount ($1,168), if any, into a separate account. To clarify, the upkeep payment is a part of (not in addition to) the husband’s obligation, as herein established, to pay a total of $3,319 per month in carrying costs on the marital home. The wife will, of course, be responsible for paying the remaining carrying costs on the home (other than the specified upkeep costs) from her temporary maintenance award. The parties’ respective pro rata obligations, in the event that the upkeep costs in any month exceed $1,168 and exceed any amount in the excess account, remain undisturbed. The propriety and fairness of awarding the wife the balance of any funds paid by the husband into the upkeep account is a matter to be resolved at trial as part of the overall equitable distribution award and, accordingly, we will not comment on that issue at this juncture.