Bradley v Bakal (2020 NY Slip Op 00921)





Bradley v Bakal


2020 NY Slip Op 00921


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


10976N 350025/17

[*1] Christopher Bradley, Plaintiff-Respondent,
v
Lisa Bakal, Defendant-Appellant.


Warshaw Burstein, LLP, New York (Eric Wrubel of counsel), for appellant.
Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Nicholas F. Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered April 8, 2019, which, to the extent appealed from as limited by the briefs, ordered plaintiff husband pendente lite to pay all carrying charges on the marital apartment and to make direct payments to defendant wife of $800 per month in temporary spousal maintenance, and allocated the parties' child's private school tuition costs 50/50, unanimously affirmed.
Defendant's motion for pendente lite relief was properly denied for failure to offer proof of exigent circumstances (see Anonymous v Anonymous, 167 AD3d 527 [1st Dept 2018]).
Defendant contends that the court should have adjusted her maintenance award after sale of the marital apartment. However, the apartment had not yet been sold when her motion was before the court.
Defendant never requested the $6,500 increase in plaintiff's monthly maintenance obligation post-sale that she now contends the court could have provided for. Moreover, that amount is keyed to the approximately $13,000/month in carrying charges on the marital apartment, which the court found prohibitive in light of the parties' overall finances. Under the circumstances, the court providently exercised its discretion in deciding not to maintain the precise "status quo" upon the potential sale of the marital apartment (cf. Hills v Hills, 182 AD2d 584 [1st Dept 1992] [given defendant's voluntary payments to plaintiff of $2,000 per month for 10 years, award of $480 in temporary support to maintain the status quo was appropriate]).
Defendant's contention that, as the parties are no longer living together, the temporary maintenance award should be increased by an amount equal to half the former carrying charges, is not supported by the cases she cites (see e.g. Francis v Francis, 111 AD3d 454 [1st Dept 2013]; Galvin v Galvin, 154 AD3d 1141, 1143 [3d Dept 2017]).
Defendant failed to establish that the temporary support award does not help cover her and the child's shelter costs. Her assertion that she has had to move in with her parents is based on facts outside the record. In any event, defendant has not shown that the significant financial support she received during the marriage, combined with her previous income, her more recent part-time income, and her significant separate property funds, does not afford her the means to find alternative living arrangements, at least for the short term.
The court's imputation to defendant of $125,000 in annual income was a provident exercise of its discretion in light of the regular financial support she receives from her family (see e.g. Nederlander v Nederlander, 102 AD3d 416, 417-418 [1st Dept 2013]; Fabrikant v Fabrikant, 62 AD3d 585 [1st Dept 2009]; Rostropovich v Guerrand-Hermes, 18 AD3d 211 [1st Dept 2005]). Defendant argues that family assistance is not deemed imputed income when necessitated by a spouse's default of his or her own financial obligations, but she does not address the fact that she received sizeable financial gifts during the marriage.
Defendant's educational credentials and employment history further support the imputation of annual income in the amount of $125,000. Defendant conceded that up to $75,000 [*2]could be imputed, and she showed that she could readily parlay her part-time employment into a full-time position. While she later claimed that she had encountered difficulties in attaining expected income levels, she offered no proof of efforts to seek other full-time employment and almost no information about the employment that she obtained. Moreover, defendant's responsibilities at home had been reduced since her child was in school all day and busy with after-school activities, and she had regular child care and housekeeping assistance. Defendant argues that the 50/50 allocation of tuition was in error because it does not reflect a pro rata allocation between the parties based on their income. However, in contrast to other add-ons, educational expenses are not necessarily pro rated (see Domestic Relations Law § 240(1-b)(c)(7); see also Klauer v Abeliovich, 149 AD3d 617, 618-619 [1st Dept 2017]). Contrary to defendant's contention, the court adequately set forth its reasons for its equal allocation of tuition costs.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK