Winnie v Winnie (2021 NY Slip Op 06582)





Winnie v Winnie


2021 NY Slip Op 06582


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

531699
[*1]Yvonne Winnie, Respondent,
v
Derek Winnie, Appellant.

Calendar Date:October 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Stephen L. Molinsek, LLC, Delmar (Stephen L. Molinsek of counsel), for appellant.
Blatchly & Simonson, PC, New Paltz (Jon A. Simonson of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered June 5, 2020 in Ulster County, which, among other things, partially granted plaintiff's motion for temporary maintenance and child support.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1993 and have three children, two of whom — a son (born in 2001) and a daughter — (born in 2003) are unemancipated. The wife commenced this divorce action in January 2016 and, thereafter, moved for pendente lite relief, including maintenance and child support. Supreme Court ordered the husband to remit a monthly sum and, subsequently, the parties agreed to reduce the monthly amount. In November 2019, the wife moved for, among other things, an increase in the monthly amount of pendente lite child support and maintenance, alleging in her motion papers that the husband ceased making child support and maintenance payments as of August 1, 2018. The husband opposed the motion and cross-moved for an order directing, among other things, the wife to pay child support for the son, whom he alleged primarily resided with him. The husband also sought to further reduce the combined monthly pendente lite amount. Supreme Court, among other things, ordered the wife to pay the husband monthly pendente lite child support for the son and reduced the monthly amount of pendente lite child support and maintenance that the husband is to pay to the wife. The husband appeals arguing, among other things, that the pendente lite amount should be further reduced.
"Generally, we decline to modify pendente lite awards because a prompt trial is the more appropriate and efficient remedy to correct an inequitable temporary award" (Galvin v Galvin, 154 AD3d 1141, 1142 [2017] [citations omitted]). "However, such awards may be modified when exigent circumstances are shown, such as when a party is unable to meet his or her financial obligations or justice otherwise requires" (Cheney v Cheney, 86 AD3d 833, 835 [2011] [internal quotation marks and citations omitted]). Thus, the threshold question is whether exigent circumstances exist that afford this Court reason to consider and modify this temporary order. We find that exigent circumstances have not been demonstrated and, as such, decline to modify the monthly pendente lite amount.
Here, the husband does not allege that he is unable to meet his financial obligations because of the pendente lite order (see Newkirk v Newkirk, 194 AD2d 842, 842 [1993]). Rather, he alleges that, as the wife's repeated delays have denied him a prompt trial, this Court should reduce the pendente lite award in the interest of justice. The wife counters that it is the husband who has acted in a dilatory manner throughout this divorce action and that he is responsible for the delays. Both have submitted affidavits to that effect. On the record before us, "the parties' affidavits present sharply contested factual issues and there is a paucity of concrete [*2]information with which to evaluate their competing claims" (Dane v Dane, 260 AD2d 817, 818 [1999]; see Suydam v Suydam, 167 AD2d 752, 753 [1990]). "A trial will serve to elicit the essential facts and facilitate a more exacting appraisal of the parties' financial situations" (Dane v Dane, 260 AD2d at 818). In these circumstances, justice does not require our departure from the general rule. If any inequity is indeed present, a prompt trial is the remedy (see Sedlack v Sedlack, 298 AD2d 691, 693 [2002]; Marr v Marr, 181 AD2d 974, 975 [1992]). In light of this determination, any remaining contentions are academic.
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.