*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                518793
_____

WILLIAM A. PETERSEN,
                    Respondent,

        v                              MEMORANDUM AND ORDER

MELINDA PETERSEN,
                    Appellant.
_____

Calendar Date:   January 14, 2015

Before:   Peters, P.J., McCarthy, Garry and Rose, JJ.

                      _____


        Gordon, Tepper & DeCoursey, LLP, Glenville (Jennifer P.
Rutkey of counsel), for appellant.

        Friedman & Molinsek, PC, Delmar (Michael P. Friedman of
counsel), for respondent.

                      _____


McCarthy, J.

        Appeal from a judgment of the Supreme Court (Devine, J.),
entered July 25, 2013 in Albany County, which, among other
things, ordered plaintiff to pay certain child support to
defendant, upon a decision of the court.

        Plaintiff (hereinafter the husband) and defendant
(hereinafter the wife) were married and have one child (born in
1999).  After the parties separated and lived apart for several
years, the husband commenced this divorce action based on their
separation agreement.  After a finding that the child support
provision of the separation agreement did not comply with the
Child Support Standards Act (see Domestic Relations Law § 240
[1-b] [hereinafter CSSA]), a trial was held to address, among
other things, child support.  Supreme Court granted a divorce,

incorporated the parties' separation agreement except for the weekly child support provision, and ordered the husband to pay child support in the amount of $414 per week. The wife appeals, arguing that the court erred in declining to order child support on any income above the CSSA statutory cap.

Because we partially agree, we modify the child support amount. The parties do not dispute the income figures used by Supreme Court to arrive at the combined parental income. Nor do they dispute the mathematical calculations used to figure the child support obligation up to the statutory cap, with the husband responsible for 93% of the combined total income, resulting in an amount of $414 per week (see Domestic Relations Law § 240 [1-b] [b] [4], [5]; [c] [1], [2]). The parties' combined parental income of $343,568 exceeded the then-applicable statutory cap of $136,000. Therefore, the court was required to determine the amount of child support for the combined parental income that exceeds the cap, either by applying the statutory child support percentage – 17% for one child (see Domestic Relations Law § 240 [1-b] [b] [3]) – to that full amount or, if the court found through consideration of certain listed factors that the noncustodial parent's share using the percentage is "unjust or inappropriate," figuring some other appropriate amount (see Domestic Relations Law § 240 [1-b] [c] [3]; [f]; Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]). Courts have discretion in reaching this determination, but must articulate in writing their reasoning and basis for departing from the prescribed percentage, including the factors considered and record facts related to those factors (see Domestic Relations Law § 240 [1-b] [g]; Matter of Cassano v Cassano, 85 NY2d at 655; McCoy v McCoy, 107 AD3d 857, 858 [2013]; Moschetti v Moschetti, 277 AD2d 838, 839-840 [2000]).

Here, Supreme Court never specifically found that the husband's share using the child support percentage on the total combined parental income above the cap was unjust or inappropriate. The combined parental income above the cap ($343,568 - $136,000) is $207,568. Seventeen percent of that amount is $35,287, with the husband's portion equaling $32,817. Adding that to the husband's portion of the support obligation below the cap ($21,514), the husband's support obligation using

the child support percentage on the total combined parental income equals $54,331, for a weekly amount of $1,044.83.

We now consider the statutory factors to determine if this amount is unjust or inappropriate (see Domestic Relations Law § 240 [1-b] [f]). The husband has ample financial resources, while the wife has fewer resources and the child has no independent resources (see Domestic Relations Law § 240 [1-b] [f] [1]). Supreme Court found that the parties live in similar houses, take similar vacations and have money in the bank, but this finding is not fully supported by the record. While the parties' houses may be similar and are in the same neighborhood, it appeared that the husband made numerous renovations to his home but the wife was struggling to maintain her home. The parties each take lake vacations, but the husband owns a seasonal home on Lake George and has a boat that sleeps two people, while the wife owns one share of a property on a small private lake owned by her family and has a rowboat with a motor. The wife has some money in the bank, but the husband has over $1 million in investments and retirement accounts. The parties' financial situations are far from similar. On the other hand, the child does attend private school, takes vacations with both parents and enjoys a decent standard of living, though at the wife's house it is not similar to what the standard of living would be had the parties not divorced (see Domestic Relations Law § 240 [1-b] [f] [3]).

The child is physically and emotionally healthy and has no special needs (see Domestic Relations Law § 240 [1-b] [f] [2]). Both parties make nonmonetary contributions to the child, and no extraordinary visitation expenses are incurred (see Domestic Relations Law § 240 [1-b] [f] [5], [9]). Neither parent is pursuing education, as the wife completed her course of study prior to the divorce (see Domestic Relations Law § 240 [1-b] [f] [6]). Regarding tax consequences, it appears that the wife took the parties' son as an exemption in contravention of their separation agreement, providing no tax benefit to her but depriving the husband of a tax benefit (see Domestic Relations Law § 240 [1-b] [f] [4]). The husband has no other children that he must support (see Domestic Relations Law § 240 [1-b] [f] [8]).

The husband's gross income is substantially greater than the wife's (see Domestic Relations Law § 240 [1-b] [f] [7]). As for other relevant factors (see Domestic Relations Law § 240 [1-b] [f] [10]), we note that, although the parties' separation agreement did not comply with the CSSA (see Domestic Relations Law § 240 [1-b] [h]), the wife accepted the agreed-upon $265 per week for several years without seeking an upward modification. Notably, pursuant to the separation agreement, in addition to weekly child support the husband is required to pay other amounts, most of which the parties specifically described as "additional child support payments," including costs associated with the child's private school education, school uniforms, child care, school athletic and extracurricular activities and all related equipment, $800 per year to the wife for clothing for the child, $500 per year to the wife for birthday and Christmas gifts for the child, and the costs of the child's health insurance.[1] Despite the weekly child support amount being unenforceable due to noncompliance with the CSSA, the husband is still obligated by the agreement to pay for these other expenses.

Several of the factors are neutral here. Considering the factors overall, however, including these other amounts that the husband is obligated to pay for the child's benefit, we find that requiring the husband to pay his pro rata share of the child support percentage on the total combined parental income would be unjust and inappropriate. On the other hand, we find that he should pay child support on a portion of the combined parental income above the statutory cap (see Domestic Relations Law § 240 [1-b] [c] [3]; [g]). Accordingly, the husband should pay his pro rata share of the child support percentage on the first $200,000 of combined parental income, or $608.08 per week (compare Hammack v Hammack, 20 AD3d 700, 702-704 [2005], lv dismissed 6 NY3d 807

---

[1] Considering the 2013 costs found in the record, the private school tuition ($4,575), health insurance ($5,236 for the additional cost for the child above a single-person plan), clothing allowance ($800) and gift allowance ($500) add up to $11,111 per year. This total does not include the costs for the husband's other obligations under the agreement, which are more flexible and difficult to calculate based on this record.

[2006]).[2]

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED that the judgment is modified, on the law and the facts, without costs, by increasing plaintiff's child support obligation to $608.08 per week, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]   $200,000 x 17% x 93% = $31,620 per year, or $608.08 per week.